GERMOND *v.* GERMOND.

Where a bill was filed by a husband against his wife for a divorce, and a monthly allowance was ordered to be made to the wife by the husband, for alimony during the pendency of the suit, it was held, that she was entitled to this allowance up to the termination of the suit by a final decree, and not merely to the time of the trial which resulted in her favor.

Where the decree is in favor of the wife, she will be allowed against her husband her costs, and all the reasonable disbursements and expenses made in her defence.

May 31st.      THIS was a bill filed by the complainant against the de-fendant for a divorce *a vinculo matrimonii,* upon the ground of adultery. A feigned issue was awarded to try the charge of adultery, which was tried three times. The first trial resulted in favor of the complainant, the defendant being surprised by an attempt to prove an act of adultery on her part with a person not named in the bill. The two last trials terminated in her favor. Both the judges who pre-sided at the two last trials certified that the verdicts ren-dered in favor of the defendant on those occasions were perfectly satisfactory to them. The last trial was in June,

[1] *Fowler* v. *Starr*, 3 Denio, 164; *How, admin'x* v. *Taylor*, 1 Wen. 34.

1825, at the Rensselaer circuit, before his honor the Chancellor, then the judge of the fourth circuit. In June, 1820, Chancellor Kent made an order, allowing the defendant $25 per month for alimony during the pendency of the suit, and a further sum for the expenses of her defence. The monthly allowance was paid until June 6th, 1821. On the 11th of June, 1822, the Chancellor reduced the monthly allowance to $10, a part of which allowance is paid, and the residue is in arrear.

*R. Emmet*, for the defendant, cited *Loveden* v. *Loveden*, (1 Phil. R. 208 ;) *Miller* v. *Miller*, (6 John, Ch. R. 91.)

*\*J. L. Viele*, for the complainant, cited Strange's Rep. 647 ; 1 John. R. 281 ; 1 Burns' Eccl. Law, 508 ; Strange, 1214.

[\*84]

THE CHANCELLOR :—This cause is now submitted for a final decree. The defendant asks that the bill against her may be dismissed with costs ; that the moneys furnished by her friends for the expenses for her defence may be paid by the complainant ; and that she may be paid the arrears of the alimony up to the time of the final decree, at the rate of $25 per month, as allowed by the first order.

The complainant insists he ought not to pay any more for costs and expenses, and that the alimony in arrear ought not now to be paid ; at all events, only to the time of the last trial, and at the rate of $10 per month, as fixed by the last order.

In relation to the costs, and all reasonable expenses of her defence, I have no doubt as to the propriety of the allowance. The complainant has caused those expenses by an unjust prosecution against her ; and she has drawn the amount from the liberality of her friends and relations, for the defence of her reputation. It is therefore perfectly equitable and just, that all those disbursements and expense should be paid by him.

1828.

In the Matter of the Franklin Bank.

As to the alimony, I think the defendant is entitled to it up to the termination of the suit by a final decree. She could not be required to return to the roof of her husband until this suit was fully ended. And it is his own neglect that he has not sooner brought it to a final hearing.

The case of *Loveden* v. *Loveden*, (1 Phil. Rep. 208,) shows it to be the practice of the ecclesiastical courts in England, in such cases, to allow alimony until the final determination of the suit. Under the circumstances of this case, I regret it is not in my power to allow to her the highest sum asked. But as she rested contented under the second order, without attempting to disturb it during the real litigation, the arrears of alimony at the rate of $10 per month, is all that can be allowed.

---

[*85]