RUGER, Ch. J., RAPALLO and DANFORTH, JJ., concur with FINCH, J., for reversal; ANDREWS and EARL, JJ., dissent.

ANDREWS, J., votes for affirmance on the ground that it was proved and assumed on the trial that coloring matter had been added to the substance called oleomargarine to give it a yellow color resembling natural butter, and that the sale of oleomargarine so colored constitutes an offense under the act within the competency of the legislature to declare.

Judgment reversed.

ALFRED N. BEADLESTON, Appellant, *v.* MARY E. BEADLESTON, Respondent.

The power of the court to make an allowance to the wife for counsel fees and expenses, in an action for divorce, is limited to such sums as may be necessary to enable her to carry on or defend the action. If, where she is defendant, she has succeeded in making her defense from her own resources, or upon her own credit, she may not, before judgment and while the action is pending, have an order compelling her husband to pay such expenses.

Where, therefore, at the time of a motion for judgment in such an action, on the report of a referee in favor of the husband, the wife, who had been allowed a sum for counsel fees and other expenses, moved for a further allowance for such expenses theretofore incurred, without showing, in her moving papers, that it was needed further to defend the action, *held*, that the allowance was unauthorized.

*It seems* an allowance for some past expense may be made where it is shown that its payment is necessary to enable her to further carry on or defend the action.

(Argued October 19, 1886; decided October 29, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 12, 1886, which modified, and affirmed as modified, an order of Special Term, the nature of which and the facts pertinent to the question decided are stated in the opinion.

*Samuel Untermyer* for appellant. There was no power in the court below to make the order appealed from, after the case had been decided adversely to the defendant, and the order is, therefore, appealable. (*Collins* v. *Collins,* 71 N. Y. 275; *Schroeter* v. *Schroeter,* 23 Hun, 230; *Ross* v. *Ross,* 33 id. 141; *Goodrich* v. *Goodrich,* 21 Week. Dig. 264.) Where the facts appearing upon an application for alimony *pendente lite,* in an action for divorce, are such that, on general principles of equity, the wife is not entitled to demand the same, the question of the granting thereof is one of law, reviewable in this court. (*Collins* v. *Collins,* 71 N. Y. 269.)

*Eugene D. Hawkins* for respondent. The meaning of the statute is too plain for dispute or interpretation. In actions for divorce, the court. is expressly authorized to make, during the pendency of the action, as many orders for the payment of counsel fees and for the expenses and services of conducting the wife's defense as in the discretion of the court, in view of all the facts, may seem just and proper. (Code of Civ. Pro., § 1769; *Donnelly* v. *Donnelly,* 63 How. Pr. 481; *Leslie* v. *Leslie,* 11 Abb. Pr. [N. S.] 311; *McQuien* v. *McQuien,* 61 How. Pr. 282; *Winton* v. *Winton,* 12 Abb. N. C. 159; *Green* v. *Green,* 3 Daly, 358.) Until judgment on the report of the referee was rendered by the court, none existed and none whatever could be entered. (Code of Civ. Pro., § 1229; rule 77, Gen. Rules of Pr.) The power to make orders for additional allowances is co-extensive with the power to make orders for alimony, and they may be made up to the entry of the final judgment. (*Moncrief* v. *Moncrief,* 15 Abb. Pr. 183; *Green* v. *Green,* 3 Daly, 359; *Freeman* v. *Freeman,* 8 Abb. N. C. 174; *Germond* v. *Germond,* 1 Paige, 83; *Lovedon* v. *Lovedon,*

1 Phil. 208.) The order appealed from was a discretionary order. (Code of Civ. Pro., § 190, subd. 2; *Kennedy* v. *Kennedy*, 73 N. Y. 373; *Witkowsky* v. *Paramore*, 93 id. 470; *Anonymous*, id. 315; *Martin* v. *Windsor Hotel Co.*, 70 id. 103; *De Llamosas* v. *De Llamosas*, 62 id. 618.)

EARL, J. The plaintiff commenced this action against the defendant for an absolute divorce on the ground of adultery. She recriminated in her answer and denied the charges made against her. The cause being at issue was referred to a referee to hear and determine the same, and he, after hearing the evidence, made his report, wherein he found the defendant guilty of the adultery charged and the recriminating charges untrue, and he ordered judgment in plaintiff's favor. Before the trial of the action the court, upon motion of the defendant, made her an allowance, besides alimony, of $1,000 for the payment of counsel fees and other expenses in making her defense. That allowance the plaintiff paid.

After the report of the referee the plaintiff moved for judgment thereon, and the defendant moved for a further allowance to pay her expenses, including counsel fees incurred in the defense of the action, and all plaintiff's proceedings were stayed until her motion could be heard and determined.

In her moving papers the defendant did not claim that she needed any allowance to oppose plaintiff's motion for judgment; but her sole claim was that she needed it to pay expenses theretofore incurred, and for that purpose the court at Special Term granted an allowance of $3,500. Upon appeal by the plaintiff to the General Term, the order of the Special Term was modified by reducing the sum allowed to $2,500, and as thus modified it was affirmed. The allowance was not claimed at any time nor granted upon the ground that it was necessary to enable the defendant to carry on her defense to the action.

We think the allowance was unauthorized. The authority to make such an allowance, during the pendency of the action, rests entirely upon the statute (Code, § 1769), which provides that

the court may, during the pendency of the action, "from time to time, make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action." The purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred.

There is ample power in the court to make allowances from time to time to enable a wife to carry on her defense, and when she needs money for that purpose she must apply for it. But if she has succeeded in making her defense from her own means, or upon her own credit, she cannot, before judgment, while the action is pending, have an order compelling her husband to pay such expenses; and there is no statutory authority in the court to make such an order, and thus to compel him to pay her debts. We confine our decision to the precise facts of this case as they appear in the record. We have no doubt that an allowance to a wife during the pendency of the action, for some past expense, might be authorized if it were shown that its payment was necessary to enable her to further carry on the action or her defense thereto.

The orders of the Special and General Terms should be reversed and motion denied.

All concur, except RUGER, Ch. J., and DANFORTH, J., dissenting.

Ordered accordingly.