Macomber, J.
These appeals may be considered together inasmuch as the subject matter of each of them relates to the liability of the defendant to support and maintain the plaintiff.
The principal question arising upon the appeal from the *256 judgment is whether or not the parties to this action were ever married. No religious or civil ceremonial marriage contract is shéwn, but the evidence established, and the trial court has so found the fact to be,, that in the year 1866, they began-to cohabit as man and wife, and continued in that relation down to January, 1885, when the defendant abandoned the plaintiff and refused thereafter in any manner to contribute to her support. The contention of the defendant is, that his relations with the plaintiff were illicit and that she has not, during any of these, years been his wife, but his mistress. The evidence does not sustain this contention. On the contrary the preponderance of it is to the effect that the defendant held out this woman to be his lawful wife, not merely as a cover or extenuation of their illegal relationship, but for the purpose of having her thus esteemed by their acquaintances. The plaintiff’s own testimony is unqualified as to the contract of marriage. The defendant’s brother, also swears positively that in the state, of Maine she was field out among the family relations, of the defendant as his wife, although another brother contradicts this, and says, that ¿is relations, other than that of husband, were well known to his relatives in that state. As the learned trial judge well comments upon the testimony: “I should be very much disinclined to believe that the morals of respectable people in Maine were at such a low ebb, that in the respectable family that the plaintiff’s mother seemed to have, the mistress of one of her sons would be introduced into that family in the relation in which the defendant swears she was.”
Joining with the defendant in conveying property, and the agreement of the defendant with one W. W. Tillman, are wholly at variance with his present attitude. That agreement provides for an apportionment of certain moneys between these parties. Unless the plaintiff had been tfie wife of the defendant she had not the' slightest legal interest in the matter. The court was clearly right upon this disputed question of fact. But the judgment contains a provision, awarding to the plaintiff among other moneys, the sum of $300 for past expenses, which she had incurred, prior to the judgment. This sum was improperly inserted in the judgment, inasmuch as the rule as now administered is that expenses pendente lite, if they are to be awarded at all must be awarded upon special application, and cannot properly form a part of the final judgment. Beadleston v. Beadleston, 103 N. Y., 402; 3 N. Y. State Rep., 634. To this extent the original judgment must be modified.
The orders of April 1st and of April 19th were authorized under section 1172 of the Code of Civil Procedure. It is *257 contended by the counsel for the appellant that the order appointing a receiver and sequestrating the defendant’s property .was erroneous, because no direction to furnish security for the payment of the alimony had been made in the judgment, nor had the defendant refused to furnish such security.
The case of Davis v. Davis (1 Hun, 444) holds that proposition, but that decision was made under the provisions of the Revised Statutes and not under the present Code. The change in the language from the Revised Statutes to the Code is very marked. The provision of the Revised Statutes authorized the court to require security for the wife’s maintenance, “and upon the neglect or refusal of the defendant to give such security or upon the default of him and his surety to provide such maintenance and. allowance, the court may sequester his personal estate, etc.”
The language of the Code is: “The court may, in its discretion, also direct him to give reasonable security, in such a manner, and within such a time, as it thinks proper," for the payment from time to time of the sums of money required for that purpose. If he fails to give the security, or to make any payment required by the terms of such a judgment or order, whether he has or has not given security therefor, or to pay any sum of money which he is required to pay by an order made as prescribed in section 1769 of this act, the court may cause his personal property and the rents and profits of his real property to be sequestered, or appoint a receiver thereof.” Under the statutes, therefore, as they now stand, the orders made by the special term were fully authorized.
The appeal from the order refusing to the defendant a stay of proceedings pending these several appeals requires no special comment, as it was wholly discretionary with the special term.
The orders appealed from should be affirmed, except that the order of April 19th should be modified to conform to-the modification hereby made to the judgment, but without, costs. The judgment appealed from should be modified by reducing it $300, that being the amount for expenses incurred by the plaintiff before final judgment, and as modified, affirmed, without costs of this appeal to either party.
Van Brunt, P. J
I concur in the result of this opinion, but I do not concur in the inference that may perhaps be drawn from it, that living together as man and wife, and representing each other as husband and wife, constitute marriage. Prom evidence of such facts the fact that at some previous time the parties had contracted a marriage *258 per verba de presentí may be inferred, but the marriage depends upon the express contract and cannot result from matrimonial conduct. In the case at bar the plaintiff swore to an express contract of marriage entered into in Philadelphia at the time the ring was given, and the subsequent action of the parties as related in this opinion within, simply fortify this evidence.
The words used were of a character to lead the plaintiff to believe that the defendant took her as his wife, and in view of his subsequent action he cannot be allowed to say that the words used conveyed no such meaning.
He used them for the purpose of making the plaintiff believe that he took her as his wife and he knew that she so understood them, and if he intended to deceive her into believing'that he took her as his wife when he did not intend to do so, he cannot now be heard to set up his own perfidy in defense to a claim arising upon the contract then made
Bartlett, J.
I concur on the ground that the proof satisfactorily establishes an express contract of marriage.