JOSEPHINE M. McBRIDE, RESPONDENT, *v.* ROBERT P. McBRIDE, APPELLANT.

*Power of the court in an action for a limited divorce, after a decision of the main issue in the wife's favor, to allow to her a counsel fee to enable her to prosecute the action to judgment.*

In an action brought by a wife to procure a judgment of limited divorce on the ground of cruel and inhuman treatment, the jury on a trial at circuit found that the husband, the defendant, had been guilty of cruel and inhuman treatment as charged by the plaintiff.

Upon this finding the matter was brought before the Special Term where the counsel appeared and testimony was taken bearing upon the question as to the amount of permanent alimony which it would be proper to allow in the decree, etc.,

at the same time the plaintiff's counsel made a motion for an additional allowance for counsel fees to enable the plaintiff to prosecute the action to judgment and to contest an appeal which was threatened by the defendant.

It was claimed that, under the rule laid down in the case of *Beadleston* v. *Beadleston* (103 N. Y., 402), no allowance whatever could be made.

*Held,* that this was not the true interpretation of the decision in question, notwithstanding the broad language used therein, but that where anything remains to be done to perfect the judgment to which the wife has been held to be entitled, and it appears that further services of counsel will be necessary to procure the judgment and to conduct the future steps of the litigation, and that the wife will not be able to retain her counsel unless compensation is made for the services, the court has implied power to protect her and to secure to her the future services of her counsel.

APPEAL by the defendant from an order, made at a Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on May 2, 1889, directing the payment of counsel fees to the plaintiff.

This action was brought to procure a judgment of limited divorce on the ground of cruel and inhuman treatment. The action was brought to trial at a Circuit Court and the jury found a verdict in favor of the plaintiff on some of the issues and against her on others. The case was thereafter brought on for the final hearing at a Special Term of the court upon the findings of the jury and the testimony taken on the trial.

The justice at Special Term, after considering the evidence, wrote an opinion to the effect that the defendant had been guilty of cruel and inhuman treatment as charged by plaintiff. By consent of counsel for the respective parties, only a part of the issues in the case, viz., those relating to the cruel and inhuman treatment of the defendant, were submitted to the justice at that time, the remainder, viz., those relating to the amount of alimony, etc., were reserved to try at a future date. Afterward the trial was resumed, when a motion was made for an allowance to enable the plaintiff to contest the appeal which was threatened by the defendant. The justice granted such application. The amount allowed was $2,500. No judgment has been entered in the case nor have any findings been signed.

*P. Stevenson,* for the appellant.

*S. G. Adams,* for the respondent.

PER CURIAM:

The allowance granted herein by way of counsel fees to the plaintiff does not seem to us to be at all excessive, provided the court had the power to make provision for any compensation to her counsel.

It is claimed that under the rule laid down in the case of *Beadleston* v. *Beadleston* (103 N. Y., 402), no allowance whatever can be made in this case. The rule laid down is certainly a very strict one, and calculated to work great injustice to a wife who has been successful in an action of divorce, because if the construction to be put upon the decision which is claimed by the appellant is the true one, where a wife has been denied counsel fee because of the showing made against her by affidavits, upon an application for counsel fee, although she may succeed upon the trial where witnesses are examined in open court, there is no power in the court to compensate her counsel for their labors in her behalf.

We do not think that this is the true interpretation of the decision in question, notwithstanding the broad language used, but that where anything remains to be done to perfect the judgment to which the wife has been held to be entitled after trial, and it appears that future services of counsel will be necessary to perfect the judgment and to conduct the future steps in the litigation, and that the wife will not be able to retain her counsel unless compensation is made for this service, the court has ample power to protect her and to secure to her the future services of her counsel.

The order appealed from should be affirmed, with costs.

Present — VAN BRUNT, P. J., and BRADY, J.

Order affirmed, with costs.