POUNTNEY v. POUNTNEY.

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

DIVORCE—COSTS—ALLOWANCE TO WIFE.
    Where a wife has been allowed $100 counsel fees to prosecute her action for a limited divorce, she cannot, after she has succeeded in making out her case, have another allowance. Following *Beadleston* v. *Beadleston*, 103 N. Y. 402, 8 N. E. Rep. 735.

Appeal from special term, Orange county.

Action by Mary A. Pountney for a limited divorce from her husband, William Pountney. Plaintiff appeals from an order denying her motion for an allowance for counsel fees in addition to the taxable costs, which motion was made at the close of the trial, the issue having been decided in her favor.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. E. Cuddeback*, for appellant. *John W. Lyon*, for respondent.

BARNARD, P. J. The plaintiff recovered a judgment for a limited divorce, with the costs and disbursement of the action. There had been granted previous to judgment $100 for a counsel fee pending the litigation. The court, on application, denied a motion for an additional allowance, upon the ground that no power existed in the court to make such an allowance in a divorce action, and citing *Beadleston* v. *Beadleston*, 103 N. Y. 402, 8 N. E. Rep. 735. The case upholds the decision at special term. We think, however, in view of the fact that $100 counsel fee had been allowed, and no further application made, that the $100 and the costs of the action were sufficient compensation to the plaintiff's attorney for the trial of the issue in the action. Even if the court had the power to grant an extra allowance, the case was not one where such an allowance was called for by anything disclosed by the appeal papers.

Order affirmed, with costs and disbursements. All concur.