EMERSON v. EMERSON.

(Supreme Court, Special Term, New York County.   November 22, 1893.)

DIVORCE—ALLOWANCE FOR PAST EXPENSES.
     An allowance for past services by plaintiff's counsel in an action for a separation will not be granted, though the counsel state that they are unwilling to continue to act for plaintiff unless they are paid for their past services, as such statement does not show that the payment is essential in order that plaintiff may "further maintain or prosecute her rights." McCarthy v. McCarthy, 33 N. E. 550, 137 N. Y. 500, followed.

Motion by plaintiff for an allowance for counsel fees for services rendered and to be rendered.   The motion was denied by Mr. Justice PATTERSON for insufficiency of the moving affidavits, with leave to renew on proper papers.   26 N. Y. Supp. 291.   Plaintiff now renews the motion.   Denied.

Black & King, for plaintiff.
Charles J. Hardy, for defendant.

ANDREWS, J.   I have no doubt that the sum asked for by plaintiff to pay her attorneys for past services is very reasonable, and, upon the papers before me, that it would be proper, so far as the merits are concerned, to grant that part of the application. I am of opinion, however, that under the decisions in Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735, and McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550, the court has no power to grant such application.   Plaintiff's attorneys state that they are unwilling to act for plaintiff upon the pending appeal to the court of appeals unless they are paid for their past services upon the appeal taken by the plaintiff to the general term.   This statement, however, does not show that it is essential that the plaintiff should pay for such past services in order that she may "further maintain or prosecute her rights."   Some other attorneys may, and doubtless will, be willing to maintain her rights upon the pending appeal to the court of appeals without the payment by her to her present attorneys of what is due to them for their past services.   To adopt the view now urged upon the court by plaintiff's attorneys would be, in my opinion, to disregard and nullify the decision of the court of appeals in the two cases above cited.   The court has the power, as I understand the statute and the decisions, to make an allowance

to the plaintiff to enable her to present the appeal taken by the defendant to the court of appeals, and the sum of $150 will be allowed for that purpose only.    The order will be settled on notice.