MAUD B. WINKEMEIER, Appellant, *v.* CHRISTIAN F. WINKEMEIER, Respondent. No. 1.

*Matrimonial actions — no allowance can be made for past expenses — Code of Civil Procedure, § 1769 — stipulation.*

The court can only make an allowance to a wife, to be paid by her husband for expenses to be incurred during the pendency of a matrimonial action, and has no power to grant an allowance for past expenses incurred in its prosecution or defense.

Where a wife makes a motion for an allowance to pay the expenses of the prosecution of a pending matrimonial action, and on the day when the motion is to be heard the action is tried and fully determined in her favor, and there remains nothing for her to do except to enter judgment upon the decision, there is nothing to justify an allowance.

*Quare,* whether the right to an allowance, as it originally existed, can in such a case be preserved by stipulation.

APPEAL by the plaintiff, Maud B. Winkemeier, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of May, 1896, denying her motion to require the defendant to pay to the plaintiff a certain amount of money to pay expenses of the prosecution of the action.

*James R. Soley,* for the appellant.

*James C. Cropsey,* for the respondent.

BRADLEY, J. :

The motion was instituted by an order to show cause on April 6, 1896, made and served three days previously. It was not heard at the time specified in the order, because the action was reached on the Circuit calendar, moved to trial, and the issues tried on that day, the sixth of April. The consequence was that the motion was postponed for a week and then heard. In the meantime the action had been tried, and decision in favor of the plaintiff made by the court. and filed. The motion was then denied on the ground, as expressed in the order, that the court had no power then to grant it. The right of the court to grant an allowance for expenses in matrimonial actions is dependent upon the statute. (*Erkenbrach* v. *Erkenbrach,*

96 N. Y. 456.) And it can be allowed only for expenses to be incurred during the pendency of the action, and not to reimburse for those of the past in its prosecution or defense. (Code Civ. Proc. § 1769; *Beadleston* v. *Beadleston*, 103 N. Y. 402.) When the motion was heard nothing apparently remained for the plaintiff to do in the action other than to enter and perfect judgment upon the decision. This required no expenditure to justify an allowance. It incidentally appears that the plaintiff had been allowed for expenses $250, which had been paid, and the fact that this may have been inadequate to pay the expenses which had before then been incurred requires no consideration. It also appears, for the purpose of a motion to dismiss the appeal, that on the defendant's application, made after the denial of this motion, a rehearing on the question of alimony was granted, and thereupon, on her motion, with a view to the expenses of such rehearing, a further allowance of $200 was made to the plaintiff and paid. It is now urged that the time of service of the motion papers, or that for hearing the motion specified in the order to show cause, may, for the purpose of the question, be deemed the time at which the motion was made; and that inasmuch as the action was then pending undetermined, it was within the power of the court to grant the relief sought by the motion. It may be true, as a general rule, that when a party has given notice of a motion in an action he cannot voluntarily relieve himself from it so as to deny to his adversary the right to seek its denial by the court at the specified time and place. But this does not prevent the latter from setting forth as a defense to it the circumstances and conditions as they may exist at the time the motion is heard. When the motion was heard the situation was such that the relief sought could not be awarded, and no reason appears why such objection was not then available to defendant. It would have been otherwise if the right of the plaintiff as it existed at the time originally designated for hearing the motion had by stipulation or otherwise been reserved without prejudice. And such would have been the consequence if the motion had then been heard, although decision had been reserved or for a time withheld by the court. In such case the decision of the motion would be deemed to have been determined as of the time the motion was heard. The plaintiff is not aided by *McBride* v. *McBride* (53 Hun, 448). There a portion only of the issues had

been tried. Those remaining were still to be litigated, in doing which expenses would be incurred. The view taken is that the facts before the Special Term supported its reason for the denial of the motion.

The motion to dismiss the appeal should be denied and the order affirmed.

All concurred.

Motion to dismiss appeal denied and order affirmed.