## WINKEMEIER v. WINKEMEIER.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

DIVORCE—COUNSEL FEES—WHEN DENIED.

    Under Code Civ. Proc. § 1769, which authorizes the court to grant an allowance for expenses in a matrimonial action, "during the pendency thereof," plaintiff's motion for counsel fees to enable her to carry on the action must be denied, where the action has been finally determined pending the motion, and plaintiff's rights under the motion have not been reserved without prejudice.

Appeal from special term, Kings county.

Action by Maud B. Winkemeier against Christian F. Winkemeier for divorce. From an order denying a motion to require defendant to pay to plaintiff a certain amount of money to pay the expenses of the prosecution of the action, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James R. Seley, for appellant.
James C. Cropsey, for respondent.

BRADLEY, J. The motion was instituted by an order to show cause on April 6, 1896, made and served three days previously. It was not heard at the time specified in the order because the action was reached on the circuit calendar, moved to trial, and the issue tried on that day, the 6th of April. The consequence was that the motion was postponed for a week, and then heard. In the meantime the action had been tried, and decision in favor of the plaintiff made by the court and filed. The motion was then denied, on the ground, as expressed in the order, that the court had no power then to grant it. The right of the court to grant an allowance for expenses in matrimonial actions is dependent upon the statute. Erkenbrach v. Erkenbrach, 96 N. Y. 456. And it can be allowed only for expenses to be incurred during the pendency of the action, and not to reimburse for those of the past in its prosecution or defense. Code Civ. Proc. § 1769; Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735. When the motion was heard, nothing apparently remained for the plaintiff to do in the action other than to enter and perfect judgment upon the decision. This required no expenditure to justify an allowance. It incidentally appears that the plaintiff had been allowed for expenses $250, which had been paid, and the fact that this may have been inadequate to pay the expenses which had before then been incurred requires no consideration.

It also appears, for the purpose of a motion to dismiss the appeal, that on the defendant's application, made after the denial of this motion, a rehearing on the question of alimony was granted, and thereupon, on her motion, with a view to the expenses of such rehearing, a further allowance of $200 was made to the plaintiff and paid. It is now urged that the time of service of the motion papers, or that for hearing the motion specified in the order to show cause, may, for the purpose of the question, be deemed the time at which the motion was made, and that, inasmuch as the action was then pending, undetermined, it was within the power of the court to grant the relief sought by the motion. It may be true, as a general rule, that, when a party has given notice of a motion in an action, he cannot voluntarily relieve himself from it, so as to deny to his adversary the right to seek its denial by the court at the specified time and place. But this does not prevent the latter from setting forth, as a defense to it, the circumstances and conditions as they may exist at the time the motion is heard. When the motion was heard, the situation was such that the relief sought could not be awarded, and no reason appears why such objection was not then available to defendant. It would have been otherwise if the right of the plaintiff, as it existed at the time originally designated for hearing the motion, had, by stipulation or otherwise, been reserved without prejudice. And such would have been the consequence if the motion had then been heard, although decision had been reserved or for a time withheld by the court. In such case the decision of the motion would be deemed to have been determined as of the time the motion was heard. The plaintiff is not aided by McBride v. McBride, 53 Hun, 448, 6 N. Y. Supp. 447. There a portion only of the issues had

been tried. Those remaining were still to be litigated, in doing which expenses would be incurred. The view taken is that the facts before the special term supported its reason for the denial of the motion.

The motion to dismiss the appeal should be denied, and the order affirmed. All concur.