(56 Misc. Rep. 69.)

### SCHROTER v. SCHROTER.

(Supreme Court, Special Term, New York County. August 28, 1907.)

1. MARRIAGE—ANNULMENT—"PHYSICALLY INCAPABLE"—DEFINITION.

The words "physically incapable," in Code Civ. Proc. § 1743, authorizing the annulment of a marriage on the ground that one of the parties was "physically incapable" of marriage, mean want of potentia copulandi, and not merely incapacity for procreation, and a husband cannot obtain a divorce on the ground of the barrenness of the wife.

2. SAME—FRAUD—EVIDENCE.

In a suit to annul a marriage on the ground of fraud because of the wife concealing her inability to bear children, evidence *held* not to show that she had knowledge of her barrenness essential to a finding of fraud.

Action to annul a marriage by George A. Schroter against Sofi G. Schroter. Judgment for defendant.

Alexander S. Bacon, for plaintiff.
James W. Osborne (Charles J. Nehbras and Neal D. Becker, of counsel), for defendant.

GIEGERICH, J. The plaintiff, the husband, seeks an annulment of the marriage on two grounds: (1) The physical incapacity of the defendant; and (2) her fraud in inducing the contract. The alleged physical incapacity is not established by the evidence. It is not claimed that sexual intercourse is impossible, but only that it is imperfect and not satisfactory to the plaintiff, owing to the shortness of the defendant's vagina. The great weight of testimony of the medical experts, however, is that the measurements of the defendant, although less than the average, still come within normal lengths. So far as that branch of the case is concerned, I have no hesitation in finding that the plaintiff has not made out a cause of action. Upon the question of fraud I am also of the opinion that the plaintiff should not prevail.

That the defendant is incapable of bearing children is established by the evidence with reasonable certainty. While the medical experts who had examined her would not swear that it was impossible for her to conceive and bear children, they practically agreed it was extremely improbable that she could ever do so. It is unnecessary to attempt to determine this point, however, because the decision of the case, as I find the facts, does not depend upon it. Even if the defendant's barrenness were proven beyond question, that fact alone would not entitle the plaintiff to an annulment. The physical incapacity referred to by our statute (section 1743, Code Civ. Proc.) in declaring as one of the grounds for annulling a marriage "that one of the parties was physically incapable of entering into the marriage state" means, as was said in Payne v. Payne, 46 Minn. 467, 49 N. W. 230, 24 Am. St. Rep. 240, in construing a similar statute, "want of potentia copulandi, and not merely incapacity for procreation." In our own state there is a case precisely in point. In Wendel v. Wendel, 30 App. Div. 447, 52 N. Y. Supp. 72, the defendant had undergone a surgical operation by means of which her ovaries had been removed. This fact was not disclosed to the plaintiff, although he admitted that she did say to him that she had submitted to a serious surgical operation, and that she did not know for certain whether she would be able to bear children or not. Upon these facts the Appellate Division, reversing the trial court, held that the plaintiff was not entitled to an annulment, there being no impediment to the indulgence of the passions incident to the marriage state.

It is insisted that the present case is distinguishable from that, and that the defendant here knew of her inability and concealed or at any rate withheld information of the fact from the plaintiff. In proof of this claim various letters written by relatives of the defendant to her were put in evidence, but these letters were all in the Greek language, and the translations of the witnesses on the one side and the other were in direct conflict on all portions of the letters which are claimed to indicate knowledge on the part of the defendant and her relatives of her alleged incapacity to bear children; the numerous witnesses for the defendant giving to all such passages a translation quite devoid of any such significance. Upon these disputed passages I am satisfied that the testimony of the defendant's witnesses is the more reliable and should prevail. The defendant not only denies any knowledge of her alleged inability to have children, but insists that she has such ability and testifies to occasions, one of them comparatively recent, when she menstruated, and produced witnesses in corroboration; but, when analyzed, their evidence gives no real corroboration, but is based exclusively upon what the defendant told them, or signs which she exhibited to them which might easily have been prepared by her in advance for the purpose. But, notwithstanding some discrepancies in the defendant's testimony, and points in which she is contradicted by other witnesses, or by established facts, I am, nevertheless, of the opinion that there was a failure on the plaintiff's part to prove knowledge of the defendant of her alleged barrenness, and consequently any fraud on her part in failing to disclose that fact to the plaintiff.

There should be judgment for the defendant, with costs. Submit proposed findings, with proof of service.