### SCHROTER v. SCHROTER.

(Supreme Court, Special Term, New York County. December 31, 1907.)

MARRIAGE—ANNULMENT—ALLOWANCE OF ALIMONY.

In an action by a husband to annul a marriage, the wife, after paying her counsel fees and expenses, cannot compel the plaintiff to reimburse her for such fees and expenses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 137.]

Action by George H. Schroter against Sofi G. Schroter to annul a marriage. Judgment for defendant. Motion by defendant for an order to compel plaintiff to pay counsel fees and expenses incurred in defending the action. Motion denied, without costs.

See 106 N. Y. Supp. 22.

James W. Osborne, for the motion.
Alexander Bacon, opposed.

GIEGERICH, J. The wife, in an action brought by the husband to annul a marriage for alleged physical incapacity and for fraud, having succeeded upon the trial (56 Misc. Rep. 69, 106 N. Y. Supp. 22), now seeks by this motion an award of $7,500 for the services of counsel already rendered and $3,723.64 for expenses heretofore paid or incurred in her defense. There is no statute which in terms authorizes an award of a counsel fee to a wife to enable her to defend an action to annul a marriage. The provisions of section 1769 of the Code of Civil Procedure, relative to the payment of a counsel fee to enable the wife to carry on or defend an action, apply only to actions for a divorce or for a separation. The Revised Statutes (2 Rev. St. [1st Ed.] pt. 2, p. 148, c. 8, tit. 1, § 58), as well as the Revised Laws (2 Rev. Laws, p. 201, § 14), provided only for the granting of a counsel fee to carry on or defend such actions.

The sources of the power of the court to grant to the wife a counsel fee pendente lite in an action to annul a marriage have been elaborately discussed by the Court of Appeals from time to time, and notably in the cases of Griffin v. Griffin, 47 N. Y. 134, Brinkley v. Brinkley, 50 N. Y. 184, 10 Am. Rep. 460, Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9, and Jones v. Brinsmade, 183 N. Y. 258, 76 N. E. 22, 3 L. R. A. (N. S.) 192, 111 Am. St. Rep. 746. These cases in substance decide that, although the statute which authorizes and regulates actions to annul a marriage is silent as to alimony and counsel fees, the court is not without power to allow the same to a wife where she defends the action; the general jurisdiction so conferred to entertain

such action carrying with it by implication any incidental powers necessary for its proper exercise, among them being the guarding and protecting of the rights of the wife, which have always been regarded as a part of the general equitable jurisdiction of the court. In all these cases it is recognized that the same rules respecting the allowance of alimony and counsel fees apply to actions to annul a marriage as to actions for divorce. In Griffin v. Griffin, 47 N. Y., at page 142, the court held that, the marriage having been found to be valid, the necessary expenses incurred by the wife in consequence of the action of the husband could be awarded upon the same principle as in other cases of divorce; and in Higgins v. Sharp, 164 N. Y., at page 9, 58 N. E., at page 10, the court said that actions to annul a marriage are governed with respect to alimony and counsel fees by the same principle as all other actions for divorce.

Now, with respect to actions for divorce, it has become the settled law of this state that, where the wife has already succeeded in carrying on her defense from her own means or credit, an order will not be made directing the husband to pay such past expenses (Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550; Emerson v. Emerson, 26 N. Y. Supp. 292; Winkemeier v. Winkemeier [No. 1] 11 App. Div. 199, 42 N. Y. Supp. 586); the theory being that the purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof, and that the allowance looks to the future, and there can be no necessity for an allowance to make a defense which has already been made or solely to pay expenses already incurred (Beadleston v. Beadleston, supra). In support of the application reliance is placed upon Griffin v. Griffin, supra, which was decided before the Code of Civil Procedure was adopted and when the statutory declaration regarding the allowance to a wife was found in 2 Rev. St. (1st Ed.) pt. 2, p. 148, c. 8, tit. 1, § 58, which provided as follows:

"In every suit brought, either for a divorce or for a separation, the court may, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on the suit during its pendency, and it may decree costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered or in the power of the court or in the hands of a receiver."

In the Griffin Case the husband sued the wife to have the marriage declared void upon the ground that she had a former husband living at the time of the making of the marriage contract. Judgment was given in favor of the wife. She moved the court for an allowance for a counsel fee and for the disbursements and expenses of the action, most of which had been paid by the attorney. The wife's attorney presented his affidavit showing how much time and money he had expended upon the case. Upon his affidavit, accompanied by the affidavit of the client in corroboration, the court made an order allowing to the defendant's attorney $1,500 for a counsel fee, allowed $250 to the defendant's counsel, and allowed $929.50 for expenses in defending the action; the last sum being the entire amount which the attorney by his affidavit showed had been expended in the conduct of the defendant's side of the case. The General Term, on appeal by the plain-

tiff, modified the order by deducting $300 from the allowance to the defendant's attorney, and affirmed the order as modified. On appeal to the Court of Appeals the order as modified by the General Term was affirmed. The Court of Appeals in its opinion reviewed the powers of the Supreme Court in actions of this character, among other things saying, at page 142:

"But the marriage having been found to be valid, and the expenses having been necessarily incurred by the wife in consequence of the action of her husband, the obligation rests upon him to pay them, and they can be awarded in the action brought by him upon the same principle as in other cases of divorce. Similar orders were made on the final hearing in the cases of Germond v. Germond, 1 Paige, 83, Graves v. Graves, 2 Paige, 62, and Kendall v. Kendall, 1 Barb. Ch. 610. In the first of these cases the wife was defendant. In Kendall v. Kendall the chancellor remarks that it was not the intention of the Legislature, by 2 Rev. St. (1st Ed.) pt. 2, p. 148, c. 8, tit. 1, § 58, which declares that costs may be decreed against either party, that the allowance to the wife for costs should be confined to the mere taxable costs between party and party, but that the court should determine whether any and what allowance should be made for extra expenses and counsel fees beyond taxable costs."

When a similar question came up later in the Beadleston Case, supra, in an action for divorce, the Griffin Case, as is shown by the citation of authorities printed in the report, was not called to the court's attention, and it was held that under section 1769 of the Code of Civil Procedure, which provides that the court may during the pendency of the action "from time to time make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action," there was no authority to reimburse a wife for expenses already incurred in a defense already made. There was no discussion of or reference to the portion of the statute which was relied upon in the Griffin Case, namely, the significance of the word "costs," although the language of section 1769 upon the point is very similar to that of 2 Rev. St. p. 148, § 58; the Code section reading as follows:

"The final judgment in such an action may award costs in favor of or against either party."

When the same question came up in the Court of Appeals a few years later in McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550, the Griffin Case was cited in the brief submitted on behalf of the wife, but the opinion made no reference to that case, and rested squarely upon the authority of the Beadleston Case, saying that it was to be regarded as a precise authority upon the point. In view of the reiterated declarations of the Court of Appeals that the same rules with respect to counsel fees apply in actions to annul a marriage as apply in actions for divorce, I feel bound by the decisions in the Beadleston and McCarthy Cases, although this, like the Griffin Case, is an action for an annulment, while the Beadleston and McCarthy Cases were actions for divorce.

It should further be observed that no part of the sums claimed on the present application appear to be necessary to further carry on the defense. The defendant has been successful in the action, and all that now remains to be done is the procuring of the signing and entry of the decision and judgment. A counsel fee of $500 to enable the

defendant to defend the action was heretofore granted. If the sum, so allowed was insufficient for the purpose of defending the action, the defendant should have applied for a further allowance before the trial of the case, and before expending or permitting her counsel to· expend the sums in question, and should not have waited, as she has· done, until after the trial is over and the cause decided in her favor. If an appeal should be taken, then, as was said in the McCarthy Case,. 137 N. Y., at page 503, 33 N. E., at page 550, upon proper application· made, the court would be justified in granting a further allowance,. and which might, upon proper evidence .offered, be made to com-- prehend the unpaid items of the past.

The propriety of the expenditures claimed to have been made, as· well as the reasonableness of the charges for counsel fee and medical experts, is seriously ·questioned by the plaintiff; it being claimed in his behalf that he would be entitled to a jury trial with respect to the· disputed items of expenditure. But upon this point I do not express· any opinion, basing, as I do, the denial of the motion solely upon want of power in the court to order the husband to pay for past services, and expenses of counsel.

The motion is therefore denied, but without costs.