BEATRICE TRANTER, Respondent, *v.* SEFTON TRANTER, Appellant.

Second Department, November 14, 1919.

**Husband and wife — divorce — basis of counsel fee — when motion for extra allowance of counsel fee and costs denied.**

As a general rule the basis of a counsel fee in an action for divorce is necessity prospective at the time of the application.

A motion for an extra allowance of counsel fees and costs made upon an application for a confirmation of the referee's report should be denied where it appears that if the application for confirmation is successful the attorney for the plaintiff will be required to prepare the interlocutory and the final decree, but nothing more.

APPEAL by the defendant, Sefton Tranter, from so much of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of July, 1919, upon the decision of the court after a trial at the Kings County Special Term, as orders defendant to pay $150 as a counsel fee.

*Louis T. Noonan,* for the appellant.

*Effingham L. Holywell,* for the respondent.

JENKS, P. J.:

The defendant appeals from the part of the interlocutory judgment for absolute divorce against him that orders him to

pay $150 " as and for an extra allowance of costs and counsel fee herein." When plaintiff moved for confirmation of the referee's report, she also moved for an extra allowance of counsel fee and costs.

The general rule is that the basis of a counsel fee is necessity prospective at the time of the application. The courts have awarded such fees to discharge past obligations when it has seemed necessary to carry on the action. (*Beadleston* v. *Beadleston*, 103 N. Y. 402; *McCarthy* v. *McCarthy*, 137 id. 500.) It is not asserted that there was any necessity at the time of the application such as is contemplated by the rules. It is stated that if the application for confirmation of the referee's report is successful, the attorney for the plaintiff will be required to prepare the interlocutory and the final decree, but nothing more. We think that the judgment in so far as appealed from must be modified by striking therefrom the provision for $150 as an extra allowance and for counsel fee, and as so modified affirmed, without costs.

RICH, PUTNAM, BLACKMAR and JAYCOX, JJ., concurred.

Interlocutory judgment in so far as appealed from modified by striking out the provision for $150 as an extra allowance and for counsel fee, and as so modified affirmed, without costs.