JAMES A. STILLMAN, Appellant, *v.* ANNE U. STILLMAN and GUY STILLMAN, Respondents.

Second Department, January 27, 1922.

**Husband and wife — divorce — application by defendant wife for expense money must show meritorious defense and lack of funds — counter allegation of adultery good defense — need for additional funds not shown — allowance cannot be made for past expenses.**

On an application by the wife, the defendant in a divorce action, for an allowance to cover future expenses of the action the burden is upon her to show that she has a meritorious defense and that she is not possessed of sufficient funds to defray the expenses.

In determining whether the defense interposed is meritorious the court is not required to decide the merits of the controversy and the wife sustains the burden if it appears that she has a substantial defense to the cause of action alleged against her, and, on such application, a meritorious defense is shown where it appears that, although she does not deny the charge of adultery made against her, she does make counter charges against her husband.

The fact that a prior allowance to the wife for expenses is exhausted is not conclusive as to the necessity for an additional allowance, but it must be made to appear also that she has not in hand sufficient funds to meet further expenses.

Furthermore, the allowance made by the court of $7,500 was improper inasmuch as the affidavits upon which the order was made show that $2,000 only is required; the court cannot make an allowance for past expenses.

APPEAL by the plaintiff, James A. Stillman, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Putnam on the 5th day of January, 1922, awarding to the defendant Anne U. Stillman $7,500 for expenses of the action, which is for divorce on the ground of adultery.

*Almet F. Jenks* [*Cornelius J. Sullivan* with him on the brief], for the appellant.

*John F. Brennan,* for the respondents.

RICH, J.:

The plaintiff, after alleging the adultery of the defendant, charges that Guy Stillman, a son born to the defendant, is illegitimate. The defendant is entitled to an opportunity to present any evidence which may tend to defeat the allegations against her, and if she is without means to carry on her defense the court will require that the plaintiff provide such funds as are reasonably necessary for the purpose, providing it is made to appear that she has a meritorious defense. The law imposes the burden upon her of showing, *first,* that she has a meritorious defense, and *second,* that she is not possessed of sufficient funds to defray the expenses. In determining whether the defense interposed is meritorious, the court is not required to decide the merits of the controversy. It is enough if the wife presents a case from which it may be inferred that she has a substantial defense to the cause of action alleged against her. In determining this question recourse must be had to the pleadings, and the striking condition is noted that while plaintiff and the defendant each set forth in a pleading which they have verified the misconduct alleged against the other with particularity, neither the plaintiff nor the defendant has specifically made a verified denial of the allegations of his or her own misconduct. I think the allegation in which the defendant makes counter charges of adultery against her husband meets the requirement·of satisfying the court that there is a reasonable ground to believe that the defendant has a meritorious defense. Surely if she succeeds in maintaining the charge by satisfactory proof, she will defeat his cause of action.

There has already been paid to the defendant for counsel fee a sum greater than most people are able to accumulate in a lifetime of toil; nevertheless, I am not prepared to say, in view of the eminent counsel who have been retained, that the amount is unreasonable, but I am unable to find any evidence that the defendant is without means to pay the expenses of the inquiry which it is proposed to be conducted in Canada. Since April 4, 1921, she has received on account of alimony $7,500 monthly, $35,000 for counsel fee, and $12,500 for expenses. While it appears that the expenditures have exceeded the allowance for expenses, it is not made to appear that the defendant has not in hand sufficient funds with which to meet these expenses, and the order of the learned court at Special Term must be reversed for this reason.

There is another reason why the order cannot be sustained. It appears from the affidavit upon which it is based that defendant's present requirements for expenses will amount at least to $2,000. The sum allowed was $7,500. The learned court must have intended to provide for the payment of past expenses, which may not be done. (*Winkemeier* v. *Winkemeier, No. 1,* 11 App. Div. 199; *Winkemeier* v. *Winkemeier, No. 2,* Id. 201; *Beadleston* v. *Beadleston,* 103 N. Y. 402, 405; *Tranter* v. *Tranter,* 189 App. Div. 714.)

It follows, therefore, that the order appealed from must be reversed, motion denied and stay vacated, with leave to renew at the Special Term upon further papers, if the defendant is so advised.

BLACKMAR, P. J., KELLY, KELBY and YOUNG, JJ., concur.

Order reversed, motion denied and stay vacated, with leave to renew at the Special Term upon further papers, if defendant be so advised.