IRVING H. NOTTINGHAM, Respondent, v. MAUD B. NOTTINGHAM, Appellant.   (No. 2.)

Fourth Department, May 23, 1924.

**Husband and wife — divorce — motion for reference to determine plaintiff's ability to pay counsel fees made after appeal by defendant from order denying confirmation of report of referee in her favor — motion should have been granted — action is now ended by confirmation of referee's report — appeal from order denying motion dismissed.**

An appeal by the defendant in an action for divorce from an order denying her motion for a reference to determine plaintiff's ability to pay counsel fees, which motion was made after an appeal had been taken by her from an order denying the confirmation of the referee's report in her favor must be dismissed, though it should have been granted when made, since the action is now ended by the decision of the Appellate Division confirming the referee's report in her favor, and provision may not be made for past expenses incurred in the defense of the action.

APPEAL by the defendant, Maud B. Nottingham, from an order of the Supreme Court, made at the Herkimer Special Term and entered in the office of the clerk of the county of Onondaga on the 23d day of April, 1924, denying the defendant's motion in an action for divorce for a reference to examine the plaintiff and others as to the assets and financial status of the plaintiff and his ability to pay defendant's counsel fees and disbursements in defending the action.

*Leslie J. Schuyler*, for the appellant.

*Harry B. Lewis*, for the respondent.

DAVIS, J.:

The action is for an absolute divorce. The referee found in defendant's favor on the issues. The court at Special Term denied

her motion to confirm and granted a new trial.  No allowance for counsel fees or expenses in defending had been made.  The plaintiff on a previous motion for such relief had pleaded his inability to pay.  That motion was denied with leave to renew.  This motion was for leave to examine plaintiff and others as to his ability to pay, and for an allowance.

As the action stood at that time, we think the order should have been granted.  Defendant had taken an appeal to this court from the order denying confirmation of the referee's report (*Nottingham* v. *Nottingham, No. 1,* 209 App. Div. 459) and that would involve considerable expense.  (*McBride* v. *McBride,* 119 N. Y. 519.)  Defendant was confronted with the necessity of a new trial, if her appeal should be unsuccessful.  She had been put to a large expense in defending a vague charge dating back nearly nine years, and further expenses were inevitable, unless she abandoned her defense, which was not to be expected unless for lack of means she was compelled so to do.  The plaintiff had not contributed to her support for several years.  There was a prospective necessity for counsel fees and expenses.  (*Tranter* v. *Tranter,* 189 App. Div. 714; *Beadleston* v. *Beadleston,* 103 N. Y. 402, 405; *McBride* v. *McBride,* 53 Hun, 448; appeal dismissed, 117 N. Y. 624.)

The procedure she adopted to test the truth of plaintiff's claim of poverty was proper.  (*Harding* v. *Harding,* 203 App. Div. 721; affd., 236 N. Y. 514.)

The appeal from this order was brought on for argument at the same time as her appeal from the order denying confirmation of the referee's report.  We have decided the latter appeal, reversing the order and directing judgment in her favor.  There is now no action pending and no necessity for an examination as to the ability of plaintiff to pay.  Provision for expenses and counsel fees is authorized only while the action is pending, and may not be made for past expenses incurred in its defense.  (Civ. Prac. Act, § 1169; *Beadleston* v. *Beadleston, supra; Winkemeier* v. *Winkemeier, No. 1,* 11 App. Div. 199; *Poillon* v. *Poillon,* 75 id. 536.)  This action is, or soon will be, at an end.

The appeal should be dismissed, without costs.

All concur.

Appeal from order entered April 23, 1924, dismissed, without costs.