Frances Korn, Respondent, v. Alexander Korn, Appellant.

First Department, May 29, 1930.

*Bernard Hershkopf* of counsel [*James Harte Levenson* with him on the brief], for the appellant.

*Max D. Steuer* of counsel [*Ben Herzberg* with him on the brief], for the respondent.

Per Curiam. The plaintiff obtained a judgment granting an annulment of her marriage on the ground of alleged fraudulent representations by the defendant, which induced her to marry him

and upon the additional ground that at the time of the marriage the defendant was impotent and sterile.

The parties to this action were married on February 22, 1927. The plaintiff wife alleges in her complaint that the defendant then was and ever since has been " physically incapable of entering into the marriage state, or of consummating said marriage, by reason of physical defects," and that he was and still is incurably impotent; that prior to the marriage the defendant represented to plaintiff that he " had none of the incapacities hereinbefore alleged; " that the plaintiff believed these representations and relied thereon; that after the marriage she discovered that they were false and fraudulent; that the defendant in fact knew of his incapacity; that his representations were deliberately and intentionally made to deceive her, and that the parties did not cohabit as husband and wife after the plaintiff learned of the alleged fraud and incapacity. The answer denied all of the allegations of impotency, misrepresentation and fraud.

The appellant says in his brief: " This case is remarkable in one respect at least; there is no substantial contradiction among the experts who testified. Not one of them asserted that the defendant was impotent. Some did not express an opinion on that question; but those who did, like Doctors Hunt and Pedersen, were emphatic in their declarations that the defendant was potent."

The plaintiff appears to rely principally upon an affidavit submitted by Dr. Ehrenreich. The statement of this doctor in his affidavit was shown to be made without any basis in fact. In addition to showing that his memory was very faulty it was established that the affidavit was based upon a test made by another doctor and not by this witness. Although the witness had sworn in his affidavit, " He also is almost completely impotent," on cross-examination he testified as follows: " Q. Doctor, when you examined Mr. Korn, did you make any test to find out whether he was potent or not? A. We cannot test that in an office. * * * Q. Did you or didn't you? A. It is impossible to do that. By the Court: Q. Then you did not? A. It cannot be done. Q. Did you do it? A. No, I did not. By Mr. Paley: Q. You do not know then whether Mr. Korn was potent or not, do you? A. From his wife's history only. Q. You can only tell from what was said to you by the wife? A. Yes. Q. But from your personal knowledge, you do not know? A. I do not know."

An examination of this testimony demonstrates that there was no foundation for the affidavit made by this doctor and that he was careless in making such a positive assertion based upon an examination made by another, without knowledge of the facts.

Furthermore, his affidavit does not indicate that his statement was made upon information furnished by an examination mad by another, but would lead one to believe that it was the result of his personal examination of the defendant.

Dr. Jacoby, another witness called by the plaintiff, was asked this question: " Q. Do you know whether Mr. Korn is potent or not? A. Of my own knowledge, I do not."

A witness for the defendant, Dr. Isaacs, testified as follows: " Q. Did you examine Mr. Korn to find out whether he is potent or impotent? A. I did not. Q. Do you know whether Mr. Korn is potent or impotent? A. I do not."

Dr. Harold L. Hunt testified as follows: " Q. Can you say from the examination of Mr. Korn whether at any time during his lifetime he was impotent? A. At any time during his lifetime? Q. Yes, from the age of puberty to date? A. I would say from puberty to date he has always been potent. By the Court: Q. Always potent? A. Yes, sir."

We have reached the conclusion that there is no evidence whatever to sustain this judgment. The law appears to be well settled that sterility is not a ground for annulment. (*Devanbagh* v. *Devanbagh*, 5 Paige, 554; *Payne* v. *Payne*, 46 Minn. 467; *Wendel* v. *Wendel*, 30 App. Div. 447; *Schroter* v. *Schroter*, 56 Misc. 69; *Elser* v. *Elser*, 160 N. Y. Supp. 724.)

The finding that there was misrepresentation on the part of the defendant is not supported by the evidence. No actual misrepresentations were established. In addition, the plaintiff's evidence is not only contradicted by the defendant but is shown by the testimony of the other witnesses to be without foundation.

The judgment being against the overwhelming weight of the evidence, it is unnecessary to prolong this opinion by adverting to the several other grounds urged upon this court for a reversal. The evidence produced by the plaintiff not only completely failed to prove the allegations of the complaint but established the defendant's contention.

The judgment should be reversed and the complaint dismissed.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ.; O'MALLEY and SHERMAN, JJ., dissent.

Judgment reversed and complaint dismissed. Settle order on notice, reversing findings inconsistent with this determination and containing new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.