CATHARINE E. COLLINS, Respondent, *v.* CHARLES E. COLLINS, Appellant.

Where the facts appearing upon an application for alimony *pendente lite* in an action for divorce are such that, on general principles of equity, the wife is not entitled to demand the same, the question as to the granting thereof is one of law, reviewable in this court.

As the allowance is only authorized in favor of a wife; it must be admitted, or proof must be submitted, sufficient to authorize the court to determine that the applicant stands in the relation of wife to the opposite party; and when, in answer to her allegation of marriage, facts are stated showing that the applicant was not competent to contract such marriage, and did not thereby become a wife, as that she was at the time the wife of another, such facts must be denied, or explained to the satisfaction of the court; if left uncontroverted, the court is not justified in making the allowance.

So, also, where in an action, by the wife, recriminatory charges of adultery are made on the part of defendant, and proofs are presented

establishing such allegations, which are not controverted by plaintiff, an allowance is not justified.

As to whether articles of separation, making adequate provision for the support of a wife, are a bar to an application for alimony in an action for divorce, subsequently brought by her; or, as to whether a return of the property received under such articles is necessary, *quære.*

*Collins* v. *Collins* (10 Hun, 272) reversed.

(Argued October 9, 1877; decided November 20, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, modifying and affirming as modified an order of Special Term, granting alimony and an allowance for counsel fees. (Reported below, 10 Hun, 272.)

This was an action for divorce *a vinculo*, on the ground of adultery.

The facts appearing on the motion are sufficiently set forth in the opinion.

*Cephas Brainerd,* for appellant. The marriage having been questioned and not having been proved valid, plaintiff's application was sufficiently answered. (*Carpenter* v. *Carpenter*, 19 How., 539.) The marriage was not to be presumed to be valid. (*N. Y. & H. R. R. Co.* v. *Mayor*, 1 Hilt., 587.) The separation agreement releasing defendant from all claims for future support or alimony was conclusive against this application. (*Rose* v. *Rose*, 11 Paige, 166; *Carron* v. *Murray*, 3 id., 483; *Morrell* v. *Morrell*, 2 Barb.. 480; *Wallace* v. *Barrett*, 41 id., 92; 2 Bish. Mar. & Div., §§ 375, 380; *Orr* v. *Orr*, 5 Bush., 156; *Oliver* v. *Oliver*, 5 Ala. [N. S.], 75; *Coles* v. *Coles*, 2 Ma. Ch., 341; *Wright* v. *Wright*, 6 Tex., 29; *Kirk* v. *Kirk*, 42 Barb., 515; *Worden* v. *Worden*, 3 Edw., 388; *Fowler* v. *Fowler*, 4 Abb., 441.)

*James McKeon,* for respondent. The order was not reviewable in this court. (Code, § 41; *Brinkley* v. *Brinkley*, 50 N. Y., 184; *Griffin* v. *Griffin*, 47 id., 134; *Forrest* v. *Forrest*, 25 id., 514; 59 id., 514; 33 id., 160; *Howell* v.

*Mills*, 52 id., 332; *People* v. *N. Y. C. R. R. Co.*, 29 id., 418; *De Llamosas* v. *Llamosas*, 62 id., 618; 2 Bish. Mar. & Div., 402.) The agreement made on separation was not a bar to this application. (*Mortimer* v. *Mortimer*, 2 Hag. Cas., 318; *Legard* v. *Johnson*, 3 Ves., 352; *McKenna* v. *Philips*, 6 Whart., 571; *Merceau* v. *People*, 25 Ward., 77; 2 Story's Eq. Jur., 653, §§ 1427, 1428; *Marshall* v. *Rutton*, 8 T. R., 545; *Westmeath* v. *Salisbury*, 5 Bligh. [N. S.], 375; *Carter* v. *Carter*, 14 S. & M., 39; *St. John* v. *St. John*, 11 Ves., 526; *Durant* v. *Tithy*, 7 Price, 577; 2 Bish. on Mar. & Div., §§ 236, 375; 2 Scribner on Dower, 347, 350; *Schneider* v. *Decker*, 9 Barb., 13; *Rose* v. *Rose*, 11 Paige, 166; *Gaines* v. *Gaines*, 9 B. Mon., 295.) The court will not try the merits on the affidavits. (*Leslie* v. *Leslie*, 6 Abb. Pr. [N. S.], 193; 2 Rag., 199, 204; 2 Roper on Hus. & Wife, 292; *Williams* v. *Williams*, 3 Barb. Ch., 628; *Stanford* v. *Stanford*, Edw. Ch., 317; *Genin* v. *Genin*, 1 Paige, 83.) The question of marriage could not be decided at this stage of the case. (*Hereforth* v. *Hereforth*, 2 Abb. Pr. [N. S.], 483.) Proof of treating applicant as wife was sufficient proof of marriage to entitle her to alimony. (*Smith* v. *Smith*, 1 Edw. Ch., 253.)

RAPALLO, J. Upon this appeal, we can only consider the question whether the plaintiff made out a case which, according to established principles of equity, authorized the court to make an order granting her alimony and expenses *pen-dente lite.* If she made out such a case, the amount of the alimony was in the discretion of the court, and the exercise of such discretion will not be reviewed here. So, it may often rest in discretion whether to award or refuse alimony under the circumstances of a particular case, and in such cases this court will not ordinarily interfere. But, where the facts are such that, on general principles of equity, a plaintiff is not entitled to demand alimony, the question becomes one of law, reviewable in this court.

In the present case, the action was brought for an absolute divorce on the ground of adultery. It was commenced in

March, 1869, and the complaint alleged a marriage between the plaintiff and defendant on the 16th of August, 1853. The defendant, in his answer, set up three defenses. First, he denied that he was, at that or any other time, legally married to the plaintiff. He admitted that a marriage ceremony had been performed in California between them, but averred that, at that time and afterwards, she had another husband living, and that her marriage with such former husband was in force at the time of her alleged marriage with the defendant and afterwards. He stated that the plaintiff claimed that she had obtained a decree of divorce from her former husband in California on the 12th of August, 1853, but alleged that said former husband was not, at the time of the institution of the action for such divorce, or for several years prior and subsequent thereto, a resident of or in California, and that process in said action was never served upon him; that he never had any notice or knowledge of such action, and the court never acquired jurisdiction over him.

For a second defense, the defendant set up articles of separation entered into between him and the plaintiff and a trustee, in September, 1868, in pursuance of which he paid to her $5,000 in cash, and conveyed to her trustee, for her use, certain real estate, found to be of the value of $4,500, and she agreed to accept such provisions in full satisfaction for her support, dower, alimony, etc.; and, for a third defense, he charged her with adultery committed in 1868.

The motion for alimony was made in June, 1869, and the defendant read, in opposition thereto, affidavits setting up the same matters, with others, which are contained in the answer. He also produced affidavits of several witnesses, strongly corroborative of the charge of adultery made against the plaintiff. The matter was thereupon referred by the court to a referee, and the hearing before him was continued from July, 1869, until August, 1875, when he made his report. The case was not brought to trial. The evidence taken before the referee related to the business and means of the defendant, and the execution of the articles of separa-

tion; but, throughout the whole proceeding, there appears no denial by the plaintiff of the facts alleged in the answer relating to her having another husband living, or the invalidity of the pretended divorce from him, or of the defendant's counter-charge of adultery on the part of the plaintiff.

The referee reported that the sum of $2,837.06 received by the defendant upon the surrender of a policy of insurance upon his life, and the interest of the defendant in the co-partnership of C. E. Collins & Co., were the only property of any kind or description which the defendant was proved to have had or owned at any time during the pendency of this action. That said firm was dissolved on the first of May, 1872, and the defendant assigned all his interest in the business and assets of the firm to his co-partner, and from that time he had no interest whatever therein, and that at the time of said assignment he had drawn from the capital much more than his share, and was largely indebted to the firm, and that said dissolution and assignment were made in good faith. That the lots conveyed by the defendant to a trustee for the plaintiff, in pursuance of the articles of separation, were at the time worth $4,500, and that the $5,000 paid to the plaintiff were withdrawn by defendant from his business for that purpose, and that considering the defendant's circumstances the land and the $5,000 were a suitable and proper provision for the plaintiff during the rest of her life, and that the plaintiff was not entitled to and should not be allowed any alimony or counsel fee in this action.

Exceptions were taken to this report, and in June, 1876, an order was made at Special Term allowing the plaintiff alimony at the rate of $60 per month, to date from the service of the motion papers in June, 1869, and a counsel fee of $250. The General Term modified this order by striking out the allowance of arrears of alimony, and as modified affirmed it, and from their order this appeal is taken.

In the case of *Brinkley* v. *Brinkley* (50 N. Y., 184), the question was before this court whether temporary alimony could be allowed when the marriage was denied, without

proof to the court of the existence of such marriage, and it was held that alimony and expenses were not allowable unless the existence of the marital relation was admitted, or proved to the satisfaction of the court. That it was not necessary that the marriage be established as conclusively as would be required for the ultimate purposes of the action, but that the plaintiff must make out a reasonably plain case of the existence of the marital relation, and she would then be furnished with the means of temporary support and of conducting the suit until the truth or falsity of her allegations could be ascertained. The authorities bearing upon the question are cited and reviewed by Judge FOLGER in his opinion, and it is not necessary to refer to them again here. In that case the order for temporary alimony was sustained on the ground that, notwithstanding the denial by the defendant of the existence of the marital relation, facts and circumstances were admitted by him and proved by witnesses, which, in the judgment of the court, constituted sufficient proof of such relation to justify the order.

As by law the court has power to make such orders only in favor of a *wife*, it is evident that to authorize them it must either be admitted, or proof must be presented sufficient to authorize the court to determine, that the applicant stands in the relation of wife to the party against whom the application is made; and when, in answer to the allegation of a marriage, facts are stated showing that the applicant was not competent to contract such marriage, and did not thereby become a wife, such facts should be denied or explained to the satisfaction of the court. If left uncontroverted, the court is not justified in making the order.

In the present case, the plaintiff alleged a marriage; all that the defendant admitted was, that there had been a ceremony of marriage between him and the plaintiff; but this admission was accompanied by a denial that there was any marriage, for the reason that the plaintiff then had a husband living, and was not competent to marry. He stated that the plaintiff claimed to have been divorced from such husband,

but also stated facts showing the alleged divorce to be a nullity. These facts are verified by the affidavits read in opposition to the motion, as well as by the answer, and are not controverted by the plaintiff. If the answer had been put in before the motion was made, we should have held that it ought not to have been entertained without some denial or explanation of these facts in the moving papers. But the plaintiff had ample opportunity, during the six years the case was pending before the referee, after she had been apprised by the opposing affidavits and by the answer of these allegations of the defendant, to meet them in some way. She did not attempt to do so. It can hardly be said that a marriage in fact was admitted. The admission of a ceremony was accompanied with the allegation that the plaintiff was not competent to contract a marriage; and no reply is made to this allegation. The same observations apply to the allegations and proofs of adultery on the part of the plaintiff. These allegations, if true, would be a bar to the action; yet they are unanswered. The plaintiff is bound to present a case to the court, showing that she has a fair prospect of success in the action, and that she controverts and intends to litigate the matter set up by the defendant, and has reasonable grounds for doing so. On these papers, as they stand, no ground is disclosed upon which she can maintain her action.

The case made by the defendant is a very strong one, even addressed to the discretion of the court, and shows that he has been subjected to very oppressive treatment, by the attempts made by the plaintiff, without cause, to put him in a lunatic asylum on the affidavits of two physicians, one of whom was her alleged paramour; and his arrest on large bail on a *ne exeat*, etc., after he had made provision for her support, which cannot but be considered liberal in proportion to his means. These were matters, however, addressed to the discretion of the court below, and the circumstances of the case appear to have induced the General Term to modify the order by striking out the six years' and upwards

of arrears of alimony awarded by the order at Special Term. We do not propose to interfere with that discretion, nor need we now determine whether articles of separation, making adequate provision for the support of a wife, are a bar to an application for alimony in an action for divorce subsequently brought; or whether a return of the property received under such circumstances is necessary. It is sufficient to say, that the plaintiff must present to the court facts, showing a probable, and certainly a possible, prospect of establishing her marriage with the defendant, and her right to a divorce. The allegations and proofs of the defendant are consistent with the averments of the complaint; but they show a defense to the action, and as the papers stand, constitute a complete answer to the plaintiff's application.

The orders of the Special and General Terms should be reversed, the report of the referee confirmed, and the application denied.

All concur, except FOLGER, J., absent at argument

Ordered accordingly.

Upon motion subsequently made, the order was modified so as to read as follows:

"Orders of Special and General Terms reversed, and application denied, without prejudice and without costs."