Hatch, J.
The complaint alleges that the parties were married at the city of Bradford, December 23, 1879, and continued there *159 after to live together as husband and wife until December, 1890, when defendant, without cause, abandoned plaintiff, and has since refused to cohabit with or support her; demands judgment of separation and permanent support. The answer is a general denial of all the allegations of the complaint, excepting defendant’s residence. The issue presented upon the motion, and argued upon this appeal, relates to the existence of the marital relation, hfo formal ceremony of marriage was performed, but it is claimed that the parties by agreement constituted the relation, and immediately followed it up by cohabitation which continued for nearly ten years, during which time the parties were generally known hy their acquaintances and society as husband and wife. As to the actual agreement of marriage no proof appears in the record, except the allegation of the complaint, duly verified, accompanied by affidavits of plaintiff, in which the allegation is reiterated with detailed circumstances. The defendant, with equal stubbornness, denies the allegation of the complaint, and by affidavit, in detail, denies the marriage and those portions of the affidavits of plaintiff and others, which accompany it, tending to establish that the parties were known or held out to be husband and wife. Upon this evidence the court was called on to consider and weigh now far the acts of the parties themselves, and the attitude they assumed towards society, justified the inference of the existence of the marital relation. The law of the case is quite well settled in this state, and the rale is the same in the state where it is alleged the marital tie was assumed. It is thus stated by Folger, J.:
there may be in the answer a general denial of the existence at any time of the marital relation, the court has the power, from the affidavits and other papers presented to it, to pass upon the question for the purposes of the application, and it is not bound. down to the allegation of the complaint and the denial of the answer, if other papers or proofs are submitted to it; and. though the denial of the answer, if standing alone, would bring the case within the~ nile that, where no marital relation is admitted or proven, there is no right to alimony, yet if the matters contained. in other papers, or shown by legitimate proofs, before the court, make out, in the judgment of the court, a fair presumption of a fact of marriage, it has the power to grant alimony pending the action, and expenses of the action." Brinkley v. Brinkley, 50 N. Y, 194.
This rule was again reiterated in Collins v. Collins, 71 N. Y., 273, 274, where it is again asserted “that it was not necessary that the marriage be established as conclusively as would be required for the ultimate purposes of the action.”
There is little need of placing here the result of an analysis of the papers and affidavits submitted upon the motion. It is sufficient now to say that if the questions presented were submitted to a jury, and they should find the existence of the marital relation, the court would have no difficulty in supporting the verdict. This being the case, we can very well see that a case was presented for the court below to pass upon, and exercise its discretion in *160 awarding or withholding alimony. The conclusion reached, we think, was justified by the papers submitted.
Objection is made that the photographic copies of the envelopes should not have been received. If this be so, it does not appear from the record that the court took any action thereon. If it did, no exception was taken to the ruling, nor does it appear that the court made any ruling thereon; and we are now'unable to say whether the court below considered them or not from anything appearing in the record. If they are entirely eliminated, there still remains evidence sufficient to upold the order made. The order appealed from is affirmed, with ten dollars costs and disbursements.
Titus, Ch. J., concurs.