## GANSZ v. GANSZ.

(Supreme Court, Special Term, New York County. August 21, 1899.)

DIVORCE—RIGHT OF WIFE TO APPEAL MONEY AND COUNSEL FEES.

    In an action by a wife for separation on the ground of cruelty, the husband interposed a counterclaim for divorce on the ground of adultery. After a finding for the husband on both issues, the wife appealed, and moved for counsel fees, appeal money, and alimony pending the appeal. The questions raised by the appeal were purely ones of fact, and no specific errors of law were pointed out. *Held*, that the motion must be denied until plaintiff prepared and settled her case on appeal, and brought the questions of error intelligently before the court.

Action for separation by Lorenz Gansz against John Gansz. Defendant interposed a counterclaim for absolute divorce, and from a judgment for him plaintiff appeals. Motion by plaintiff for alimony, counsel fees, and appeal money pending her appeal. Denied.

Simon Loring, for the motion.

George A. Flack, opposed.

McADAM, J. The wife brought the action for a separation from bed and board on the ground of cruelty, and the husband interposed a counterclaim for absolute divorce on the ground of adultery. The trial judge, after a lengthy trial, found in favor of the defendant on both issues, and granted the husband an absolute divorce. The plaintiff has appealed, and now moves for $500 counsel fee, $500 for printing the case on appeal, and $10 a week alimony pending the appeal. When a decree is rendered against the wife, the trial court may allow her alimony and suit money to perfect her appeal. In such case, however, the wife must show that some prejudicial error has been committed. 2 Nels. Div. & Sep. 800; 2 Am. & Eng. Enc. Law (2d Ed.) 110. Her right to alimony pending the appeal is not absolute, and

will not be allowed as matter of course. The records in the case must be examined so far as to determine whether her appeal is in good faith, and, if it appears that it is obviously without merit, the application should be denied. Id. The question involved would seem to be one purely of fact, upon which the finding of a trial court is generally regarded as conclusive. No specific errors of law are pointed out, so that the presumption of success on appeal is against the appellant. To rebut this, the plaintiff should prepare her case on appeal, have it settled according to the rules of practice, and then the question of error will intelligently come before the court at special term. To this end the motion will be denied, without costs, and with leave to renew when this formality shall have been observed. Upon the settlement of the order, which must be on two days' notice, the court will make some provision whereby the stenographer's notes may be furnished for the purpose. If the appellant's attorney is as sanguine of success as he ought to be, he should not be unwilling to enable the court to share his belief.