(134 App. Div. 419.)

### GREENBERG v. GREENBERG.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. DIVORCE (§ 182*)—ALIMONY PENDING APPEAL.

A court has jurisdiction to award alimony, as well as counsel fees and printing expenses, to a wife pending appeal from a divorce judgment either in her favor or against her; but, when she is appellant, it must be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made to appear that the appeal has been taken in good faith and there· is reasonable ground to .believe that it will be successful.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 625; Dec. Dig. § 182.*]

## 2. DIVORCE (§ 182*)—ALIMONY PENDING APPEAL—AFFIDAVITS.

A motion for alimony pending appeal by a wife should be made on a· · .case, and the court should not attempt to determine the question as to the merits of the appeal on affidavits.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 625; Dec. Dig. § 182.*]

## 3. DIVORCE (§§ 209, 214*)—ALIMONY—MERITS.

A wife is not entitled to alimony as of course in a matrimonial action; and, though the court will not determine the merits of the action on such a motion, she must present evidence tending to show that she has a meritorious cause of action or defense.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 605, 630, 631; Dec. Dig. §§ 209, 214.*]

## 4. DIVORCE (§ 182*)—DEFAULT JUDGMENT—ALIMONY PENDING APPEAL.

In divorce proceedings on ground of adultery of the wife, the wife defaulted, and on application for judgment on the· findings of the jury, convicting her of the offense, she offered evidence of condonation, which issue was found against her, and she appealed. The motion for alimony pending her appeal from the interlocutory judgment was based on affidavits by herself that she was informed by her attorney and counsel that in their opinion her defense of condonation was established and that the judgment would be reversed on appeal, and on certificates of her physicians as to her health, and affidavits of her attorney; but the motion was not made on a case, and no case had been served. The justice ordering alimony neither presided at the jury trial nor at Special Term, where the interlocutory judgment was granted. Held, that the award· of alimony was unauthorized.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 625; Dec. Dig. § 182.*]

Clarke, J., dissenting. .

Appeal from Special Term, New York County.

Action by Max Greenberg against Rose Greenberg. From an order directing plaintiff to pay alimony .pending defendant's appeal from the judgment rendered in the divorce action, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ. ·

I. N. Jacobson, for appellant.

W. A. Purrington, for respondent.

LAUGHLIN, J. This is an action for a divorce. The issues with ,respect to the adultery charged in the complaint were duly framed and duly tried before the court and a jury, and a verdict was rendered thereon in favor of the plaintiff. ·Upon the trial of those issues, the defendant defaulted. Her default has not been opened, nor has she moved to open the same. She therefore stands convicted of the charges of misconduct, and this gives the plaintiff the right to a decree, unless he has condoned the offense. She appeared on the application for judgment on the findings of the jury, and offered evidence tending to show that the plaintiff had condoned her acts by voluntarily

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cohabiting with her with knowledge thereof. On that issue the court found in favor of the plaintiff, and, since she defaulted on the trial of the issues before the jury, the review on the appeal will necessarily be confined to the single question as to whether or not the plaintiff has condoned her misconduct.

The motion for alimony pending her appeal from the interlocutory judgment was based on an affidavit made by herself and certain certificates of her physician with respect to her health, and an affidavit made by her attorney. The motion was not made on a case, and it appears that the case had not then been served. The only evidence presented by the moving papers tending to show the probability of the success of the appeal is contained in the affidavit of the defendant, in which she states that she is informed by her attorney and counsel that in their judgment her defense of condonation, as well as those entitling her to a decree of separation, were established by uncontradicted testimony, and that she is informed by them that in their judgment the interlocutory decree will be reversed. The justice presiding at the Special Term when the order was made neither presided at the jury trial nor at the Special Term when the interlocutory judgment was granted.

The court doubtless has jurisdiction to award alimony, as well as counsel fees and printing expenses, to a wife pending appeal from a judgment either in her favor or against her in an action for a divorce; but, when she is appellant, it must be made to appear that the appeal had been taken in good faith and that there is reasonable ground to believe that it will be successful. Halsted v. Halsted, 11 Misc. Rep. 592, 32 N. Y. Supp. 1080, and cases cited, affirmed 1 App. Div. 636, 37 N. Y. Supp. 1145; Stanford v. Stanford, 1 Edw. Ch. 317; Lusk v. Lusk, 31 Misc. Rep. 312, 65 N. Y. Supp. 401; Haddock v. Haddock, 75 App. Div. 565, 78 N. Y. Supp. 304; s. c. 109 App. Div. 502, 96 N. Y. Supp. 522. See, also, McBride v. McBride, 55 Hun, 401, 8 N. Y. Supp. 448, and Stearns v. Stearns, 33 App. Div. 630, 53 N. Y. Supp. 348. The motion, therefore, however, should be made on a case, and the court should not attempt to determine the question as to whether there be any merit in the appeal on affidavits. Gansz v. Gansz (Sup.) 59 N. Y. Supp. 955.

The wife is not entitled to alimony as of course in a matrimonial action, and, although the court will not determine the merits of the action on a motion for alimony, she is required to present evidence tending to show that she has a meritorious cause of action or defense. Stearns v. Stearns, supra; Collins v. Collins, 71 N. Y. 269; Masey v. Masey, 58 App. Div. 619, 68 N. Y. Supp. 994; Lake v. Lake, 194 N. Y. 179, 87 N. E. 87. We are of opinion, therefore, that the moving papers were insufficient to enable the court to determine whether or not there is merit in the defendant's appeal, and that the award of alimony was unauthorized

It follows that the order should be reversed, without costs, and motion denied, without costs. All concur, except CLARKE, J., who dissents.