## WOLFER v. WOLFER.

*Alimony—Allowance pendente lite—Valid marriage prerequisite—Ceremonial marriage insufficient—Undivorced husband of plaintiff living.*

A court has no discretionary power to award alimony *pendente lite*, in an action for alimony, where a ceremonial marriage between the parties is averred and where it is admitted that the plaintiff, at the time of such ceremony, had a husband then living and not divorced.

(Decided March 19, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. T. J. Edmonds* and *Mr. Ben B. Nelson,* for plaintiff in error.
*Messrs. Spangenberg & Spangenberg,* for defendant in error.

BUCHWALTER, J. This was an action for alimony only, begun in the court of common pleas of Hamilton county, division of domestic relations. The trial court awarded plaintiff alimony *pendente lite,* and it is to reverse this award that error is prosecuted here.

The petition alleges that plaintiff was married to the defendant in 1890, in the city of Newport, Kentucky.

On the hearing it developed that a ceremonial marriage was entered into by the parties on the 11th day of December, 1890, at Newport, Kentucky; that at the time of the marriage, the plaintiff, who was known as Frances Cassidy, was mar

Divorce, 19 C. J. § 499.

ried to one Albert Cassidy, then living and not divorced; that on October 2, 1891, Albert Cassidy obtained a divorce from the plaintiff, who is now defendant in error. These facts are undisputed.

The defendant moved to dismiss the case, for want of jurisdiction, which motion was overruled, and alimony *pendente lite* was awarded. No question of a common-law marriage is raised, as the petition sets forth the marriage as occurring as above stated.

The only question presented is, may alimony *pendente lite* be awarded in an action for alimony, where a ceremonial marriage between the parties is averred, and where it is admitted that the plaintiff at the time of said ceremony had a husband then living and not divorced?

Section 11994, General Code, provides for the allowance of temporary alimony.

"Marriage being the essential foundation of allowances for alimony, the existence of a marriage between the parties must be admitted, or shown, before a decree or order properly can be made for an allowance of temporary alimony." 19 Corpus Juris, Section 512, page 212.

In the case of *Adkins* v. *Adkins,* 15 C. C. (N. S.), 161, page 164, in referring to temporary alimony, it is stated:

"The court should be satisfied that the parties are husband and wife * * * that the action is being prosecuted by the wife in good faith," etc.

Again in *Myers* v. *Myers,* 22 C. C. (N. S.), 218, we find:

"The court below was not required to examine fully the merits of the main action in passing upon the application for alimony *pendente lite,* and the

testimony which it excluded was not such as to defeat that application. Unless a perfect defense to the main action were made, at the preliminary hearing, the court's discretionary power to allow alimony *pendente lite* cannot be doubted, and we hold that that discretion was not abused in this case.''

The court is not required to go into the merits of the cause to allow alimony *pendente lite* and expenses necessary to prosecute the suit, but a valid marriage is a prerequisite to an allowance of alimony. If the petition sets forth a good cause of action, and no question as to the marriage is raised at the hearing, or if raised, and it is a matter to be determined from controverted evidence, the court may, in its discretion, make an award. But where at a hearing on a motion for temporary alimony it is proved or admitted that the marriage relied on was not a valid marriage, the court is without discretion to make an award. Such discretion is a legal discretion, not an arbitrary discretion.

In the instant case, it was admitted, and also proven by documents introduced, that at the time of the marriage averred in the petition the plaintiff was then the wife of another living man. There was evidence introduced to prove that the parties had lived together for many years, and that children were born to them.

It may be that the plaintiff intended to rely on a common-law marriage, but, by the petition, she fixed her own status. She did not allege a common-law marriage to the defendant after October 2, 1891, the time of the divorce, nor at any other time, but did allege and offered proof of her mar-

riage to defendant in 1890, at Newport, Kentucky, and it is upon this marriage she is basing her claim for alimony.

Section 11997, General Code which provides for an action for alimony, states that "The wife may file her petition for alimony alone." It is only the wife who may claim alimony, and when the marriage relied on is admittedly void there is no basis for her action under the requirements of the code.

In *Collins* v. *Collins*, 71 N. Y., 269, paragraph 2 of the syllabus, it is stated:

"As the allowance is only authorized in favor of a wife; it must be admitted, or proof must be submitted, sufficient to authorize the court to determine that the applicant stands in the relation of wife to the opposite party; and when, in answer to her allegation of marriage, facts are stated showing that the applicant was not competent to contract such marriage, and did not thereby become a wife, as that she was at the time the wife of another, such facts must be denied, or explained to the satisfaction of the court; if left uncontroverted, the court is not justified in making the allowance."

Under the petition and upon the proof, there is an uncontroverted showing that the marriage relied on was void. The court, therefore, had no discretionary power to make the award.

For the reasons above stated the judgment will be reversed, and the cause remanded.

*Judgment reversed, and cause remanded.*

CUSHING and HAMILTON, JJ., concur.