JEANNETTE FORD, Appellant, v. MONTGOMERY P. FORD, Respondent.

PER CURIAM. In view of the circumstances of this case, we think that the allowance made by the judge at Special Term was proper.

The order so far as appealed from should be affirmed.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.; Cohn, J., dissents.

COHN, J. (dissenting). In the case of *Greenberg* v. *Greenberg* (134 App. Div. 419) this court held that where a wife appeals from a judgment of divorce her motion for counsel fees to prosecute the appeal will not be granted unless it is shown that the appeal has been taken in good faith and there is reasonable ground to believe it will be successful. It was also decided that the motion therefor " should be made on a case, and the court should not attempt to determine the question as to whether there be any merit in the appeal on affidavits."

Following the procedure outlined in the *Greenberg* case, the wife in the separation action at bar made a motion on a settled case for counsel fee and expenses of her appeal from a judgment dismissing her complaint. Special Term granted the application to the extent of awarding plaintiff the sum of $200 for prospective legal services and disbursements in connection with her appeal and for want of power denied any award for past services or expenses. The services for which no allowance was made comprised the work necessarily performed by plaintiff's attorneys in settling the case, and the past expenses necessarily incurred were those which embraced the cost of the stenographic minutes of the trial and the printing of the record.

It is my view that the plaintiff may be granted an allowance, under the provisions of section 1169 of the Civil Practice Act, for past services and expenses already incurred, where, as here, such services and expenses were necessary to enable her to take an appeal. (*Beadleston* v. *Beadleston*, 103 N. Y. 402, 405; *McCarthy* v. *McCarthy*, 137 N. Y. 500.)

In the *Beadleston* case (*supra*) Judge Earl, speaking for the court, said (at p. 405): " * * * We have no doubt that an allowance to a wife during the pendency of the action, for some past expense, might be authorized if it were shown that its payment was necessary to enable her to further carry on the action or her defense thereto." The Court of Appeals again recognized the right of the wife to apply for an allowance for past expenses after an appeal had been taken, for purposes of carrying on such appeal, in the *McCarthy* case (*supra*), where the court stated (at p. 503): " * * * If, as it is hinted in the affidavit, the judgment of divorce should be appealed from, then upon an application where-

from that fact should appear, and it should also appear that in order to maintain and defend her rights, an allowance ought to be made, the court would be justified in granting one. Upon such an application if it should appear that in previously carrying on her action the plaintiff had incurred expense the payment of which was essential to be made in order that she might further maintain or prosecute her rights, under the judgment it would be quite within both the letter and the spirit of the statute to comprehend in an allowance the unpaid item of the past. * * * "

The order appealed from should be modified by allowing plaintiff $250 for counsel fee and prospective disbursements, and $177 for the cost of the stenographic minutes of the trial and the printing of the record on appeal.

Order, so far as appealed from, affirmed.