## ROYAL M. FAIRLAMB v. HOWARD L. FAIRLAMB

22 So. (2nd) 580                                    June Term, 1945
June 22, 1945                                    Special Division B
Rehearing denied July 11, 1945

*Casler & Douglas,* for petitioner.
*Baynard & Baynard,* for respondent.

BUFORD, J.:

This case is before us on petition to review the interlocutory order which we shall quote later. The bill alleged that plaintiff had been a bona fide resident of Pinellas County for ninety days. This was denied in the answer. So the question

was properly raised. Aldrich v. Aldrich, 153 Fla. 856, 16 So. (2nd) 47; Rollins v. Rollins, 155 Fla. 562, 19 So. (2nd) 562.

Testimony was taken on the issue of residence pursuant to Sec. 63.33 (2) Florida Statutes 1941 (same F.S.A.) and the Court entered the order, challenged by this petition, as follows:

"The foregoing cause coming on to be heard upon the defendant's pleadings attacking the jurisdiction of the court on the ground that the plaintiff in this cause was not a resident of the State of Florida, and the Court having heard testimony and argument of counsel in this cause on said point finds from the evidence that the plaintiff is, and had been for a period of more than ninety days before the institution of this suit, a resident of the State of Florida;

"It Is Therefore, Ordered, Adjudged and Decreed That the defendant's pleadings insofar as it attacks the jurisdiction in this cause be, and the same are hereby denied.

"Done and Ordered in Chambers at St. Petersburg, Pinellas County, Florida, this 7th day of April, A. D. 1945."

Section 65.02 Fla. Statutes, 1941, (same F.S.A.) is as follows:

"65.02. Residence required—In order to obtain a divorce the complainant must have resided ninety days in the State of Florida before the filing of the bill of complaint."

The record shows that the plaintiff left his wife in Aberdeen, Maryland, about the 24th day of June, 1944, and came to St. Petersburg, in Pinellas County, Florida. At that time plaintiff was an officer in the United States Army and was stationed at or near Aberdeen, Maryland, and had procured a leave of absence which expired about June 30, 1944. On arrival in St. Petersburg he filed in the office of the clerk of the circuit court a declaration declaring his intention of becoming a resident of the State of Florida under the provisions of Sec. 222.17 Fla. Statutes, 1941 (same F.S.A.)

It appears that while in St. Petersburg on this trip he rented a room for no particular term of occupancy and what time he stayed in it is uncertain.

The record shows that he left St. Petersburg before July 1, 1944, and returned to Aberdeen in the State of Maryland. He got another leave of absence early in October, same year, and came back to St. Petersburg where he stayed at the Suwannee Hotel for a few days, during which time he filed bill of complaint for divorce. The record does not show when the bill was filed but it was sworn to on the 9th day of October, 1944, and the notice for publication was signed by the clerk on October 10, 1944.

The plaintiff testified that on this trip to Florida he remained only four or five days.

There is evidence in the record that the plaintiff talked with several people while sojourning in Florida and expressed his intention of making this State his home.

Regardless of what he has stated his intention to be, our opinion is that the whole record shows that his pretended establishment of residence in Florida was for the purpose of procuring a divorce under the laws of the State of Florida and that his residence in the State of Florida, if any, was not sufficient to give the Circuit Court of Pinellas County jurisdiction of the subject matter and was not sufficient to comply with requirements of Sec. 65.02, supra. See Taylor v. Taylor, 132 Fla. 690, 182 So. 240; Mills v. Mills, 153 Fla. 727, 15 So. (2nd) 763; Phillips v. Phillips, 146 Fla. 394, 1 So. (2nd) 186 and Minick v. Minick, 111 Fla. 620, 149 So. 483.

Certiorari is granted and the challenged order is quashed with directions that the bill of complaint be dismissed.

The court below is further directed to enter an order requiring plaintiff, appellee here, to pay all costs incurred by defendant below, appellant here, and all expenses to which she has been put by reason of the pendency of this suit, including reasonable fees to be fixed by the chancellor for the services of defendant's, appellant's here, counsel both in the court below and in this appeal.

So ordered.

CHAPMAN, BROWN, THOMAS and SEBRING, JJ., concur.