JULIA D. SMITH, Plaintiff, *v.* ROY A. SMITH, Defendant.

Supreme Court, Special Term, Queens County, September 12, 1947.

*John J. Leonard* for plaintiff.

*Robert W. Cauldwell* for defendant.

HALLINAN, J. Motion by plaintiff for an order directing the defendant to pay counsel fees and the expenses necessarily to be incurred in prosecuting an appeal from a judgment of this court dismissing her complaint. Her action was brought for a separation and for a judgment declaring the invalidity of a decree of divorce obtained against her by the defendant in Florida.

It is not the function of this court to review the determination of another justice of co-ordinate jurisdiction, but since plaintiff, to obtain counsel fees and expenses, must show a reasonable probability of success, it will be necessary to review briefly the issues involved.

The parties were married in Norfolk, Virginia, in 1917. They resided at Woodside, New York, from 1932 to 1940, at which time the defendant was called to active duty in the navy. He was stationed at Newport, Rhode Island, during most of his service. In November, 1940, he went to Miami on a short leave and stayed there five days. He again visited Miami in December, 1940, at which time he stayed twelve days. He commenced his action in May, 1941. While in Miami he rented a room from a man named Watterson, a total stranger to him, who was the manager of a rooming house, under an agreement that wherever Watterson's residence would be, there also would be the defendant's. Watterson moved several times during the course of a year and defendant's residence moved with him. There were occasions when defendant would have been hard put to state his address in Florida. Watterson finally left Miami and defendant discontinued his residence in Florida. During all this time defendant had been stationed and living at Newport, Rhode Island, with the exception of the seventeen days previously mentioned. Defendant did not appear personally in Florida to testify but had his deposition taken at Newport, Rhode Island.

Before entering the navy defendant was employed by the Metropolitan Life Insurance Company in New York City, and after his release from the navy returned to the same position at the same place, where he is still employed. He now resides in New Jersey with a newly acquired wife.

The prerequisite residence in Florida is jurisdictional and without it the Florida courts have no authority to grant a divorce (*Beekman* v. *Beekman*, 53 Fla. 858). The term " residence " when used in statutes relating to divorce means " legal residence ", i.e., the place of domicile or permanent abode as distinguished from a temporary residence (*Herron* v. *Passailaigue*, 92 Fla. 818).

Assuming that defendant's agreement with Watterson indicated an intent on his part to make Florida his domicile, that is insufficient for the establishment of a domicile. As was said in *Beekman* v. *Beekman* (*supra,* p. 862): "* * * the mere intention to acquire a new domicile unaccompanied by an actual removal, avails nothing, neither does the fact of removal without the intention avail. The *factum et animus* must both exist together. Smith and Armstead v. Croom, 7 Fla. 81."

In *Texas* v. *Florida* (306 U. S. 398, 424–425) the Supreme Court said: "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile. *Mitchell* v. *United States,* 21 Wall. 350; * * * *Matter of Newcomb,* 192 N. Y. 238; 84 N. E. 950; * * *. While one's statements may supply evidence of the intention requisite to establish domicile at a given place of residence, they cannot supply the fact of residence there; *Matter of Newcomb, supra,* 250; *Matter of Trowbridge,* 266 N. Y. 283, 292; 194 N. E. 756; and they are of slight weight when they conflict with the fact."

This case is not unlike that of *Fairlamb* v. *Fairlamb* (156 Fla. 104), in which the plaintiff, an army officer, stationed near Aberdeen, Maryland, left his wife there about June 24, 1944, and went to St. Petersburg, where he filed a declaration in the Circuit Court declaring his intention of becoming a resident of the State of Florida. He had a leave of absence which expired about June 30, 1944. He left St. Petersburg before July 1, 1944, and returned to Aberdeen. He got another leave of absence in October and went back to St. Petersburg, where he stayed at a hotel for a few days during which time he filed a bill of complaint for divorce. He remained in Florida on that occasion only four or five days. The lower court found that he was a resident of the State of Florida, but the Supreme Court of Florida, on certiorari, directed that the complaint be dismissed, and said (p. 106): "Regardless of what he has stated his intention to be, our opinion is that the whole record shows that his pretended establishment of residence in Florida was for the purpose of procuring a divorce under the laws of the State of Florida and that his residence in the State of Florida, if any, was not sufficient to give the Circuit Court of Pinellas County jurisdiction of the *subject matter* and was not sufficient to comply with requirements of Sec. 65.02, *supra.*" (Citing cases. Italics supplied.)

In the light of the *Fairlamb* case (*supra*), it would seem that the Florida courts would probably have denied defendant a

divorce had the plaintiff contested the issue there. The plaintiff, however, on receiving notice by mail of the pending Florida action, confined herself to writing two letters to the clerk of the Florida court stating that defendant was a resident of New York. The trial court in this action, adverting to the fact that the letters were deemed to constitute a special appearance by the Florida court, held that since plaintiff had been afforded an opportunity to be heard and present her contentions, the matter could not be relitigated. It is from the judgment entered thereon dismissing her complaint that plaintiff wishes to appeal. Has she a reasonable probability of success?

While an appearance may confer jurisdiction over the *person* of a defendant, it cannot confer jurisdiction over the *subject matter*. The distinction between jurisdiction of the person and of the subject matter is recognized in Florida as well as in New York (*Fairlamb* v. *Fairlamb, supra; Bowmall* v. *Bowmall,* 127 Fla. 747, 754). In the latter case, the court said: " If the complainant was not entitled to maintain the divorce suit within the jurisdiction invoked, then the court was without power to issue its process binding the defendant and acquired no jurisdiction of the *subject matter* of the suit.'' (Italics new.)

The New York law is in accord. (*Matter of Lindgren,* 293 N. Y. 18; *Solotoff* v. *Solotoff,* 269 App. Div. 677.) In the *Lindgren case* (*supra,* p. 24) the Court of Appeals said: " The divorce action brought by the decedent in 1939 and the subsequent appearance therein by the petitioner did not suffice to confer upon the Florida court jurisdiction of the *subject matter* of the action. It has been established in the present proceeding that neither party to that action was a domiciliary of Florida before the bill of complaint was filed. It is that lack of domicile which deprived the foreign court of jurisdiction.'' (Italics supplied.)

The parties hereto could not confer jurisdiction on the court by consent (*Wade* v. *Wade,* 93 Fla. 1004, and cases there cited).

The doctrine of estoppel has no application to this case. Plaintiff is not taking a position inconsistent with her previous conduct. She has at all times contended that Florida was without jurisdiction.

It is true, as defendant contends, that a motion of this nature should generally be made on a case rather than on affidavits (*Greenberg* v. *Greenberg,* 134 App. Div. 419), but there are exceptions to this rule. (See *Boehm* v. *Boehm,* 261 App. Div. 382.) Where, as here, the facts are not seriously disputed, the necessity for strict adherence to the rule is obviated. Defendant

admits that he was not physically present in the State of Florida for ninety consecutive days (defendant's affidavit) but claims " under Florida law as shown on the trial, the term residence does not mean ninety consecutive days in the State of Florida. Under Florida decisions it relates more to the bona fide intention of the person claiming residence." The cases cited above show that this is not the law of Florida. In *Chisholm* v. *Chisholm* (98 Fla. 1196, 1218) the court said: "It may not be essential to the granting of a divorce that the bill of complaint should do more than allege the ' residence ' of complainant substantially in the language of the statute, but the evidence to sustain it must show that complainant has ' resided ' *bona fide* in this State for two years [now ninety days] *next preceding* the date of filing bill of complaint."

Nor should plaintiff be limited merely " to the cost of a transcript of the minutes and a very nominal allowance to plaintiff's attorney and nothing more ", as requested by defendant's counsel. Although that was the disposition in the *Boehm* case (*supra*) there the court intimated that the appeal might be heard on the original record.

A divorce granted in a State where neither party to the marriage is domiciled is invalid in New York (*Maloney* v. *Maloney*, 22 N. Y. S. 2d 334, 339, affd. 262 App. Div. 936, affd. 288 N. Y. 532; *Querze* v. *Querze*, 290 N. Y. 13). Plaintiff has, therefore, shown reasonable probability of success and the motion is granted (*McCracken* v. *McCracken*, 213 App. Div. 768).

The defendant is directed to pay to the plaintiff the sum of $490 for the expense of procuring the minutes and printing the record and briefs, and the further sum of $250 as a counsel fee to prosecute the appeal.

Submit order accordingly.

(On reargument, October 14, 1947.)

Motion in the nature of reargument granted. The estimated cost of printing the record is $350, and the cost of the stenographic minutes is $65, making a total of $415. The other expenses, including the printing of the brief, will be included in the counsel fee of $250 heretofore allowed by the court. Accordingly, the disposition heretofore made is adhered to with the exception that the plaintiff will be directed to pay the expenses of the appeal in the sum of $415, plus a counsel fee of $250, which will include the printing of the brief. Submit order.