58 So.2d 166 (1952)
GARFIELD
v.
GARFIELD.
Supreme Court of Florida, Special Division B.
April 4, 1952.
Rehearing Denied April 30, 1952.
Nichols & Whitehurst and Joseph W. Nichols, all of Clearwater, for appellant.
Marshall & Rives and Alfred P. Marshall, all of Clearwater, for appellee.
MATHEWS, Justice.
On September 11, 1951, the appellant filed a suit for divorce against his wife, Mary *167 Adele Garfield, alleging that he was a bona fide resident of the State of Florida and had been such resident for more than 90 days immediately prior thereto.
On October 11, 1951, the appellee filed her answer in which she denied all of the alleged grounds for divorce and also his allegation about residence. Her answer contained various allegations concerning joint and individual properties, the business connections, earnings and ability to earn of the appellant, and of her own needs and necessities to live and to defend the suit. She further alleged that they were living apart through no fault of hers and that she was entitled to alimony unconnected with divorce and attorneys' fees, both temporary and permanent.
On the 18th of October, 1951, pursuant to notice a hearing was had before the Circuit Judge on the appellee's request for temporary support and maintenance and temporary attorneys' fees. The appellant's attorneys objected to the hearing on the ground that the Court had no jurisdiction. This objection was overruled. The appellee offered testimony with reference to the need for the support of the appellee, the appellant's ability to support her, and the testimony of two attorneys as to a reasonable temporary attorneys' fee.
The Court made an order requiring the plaintiff to pay the sum of $100 per week as temporary alimony and support money and the sum of $1,000 as temporary attorneys' fees. This appeal is prosecuted from that order.
Two questions are presented: (1) Did the lower Court have jurisdiction of the parties and the subject-matter, and (2) Was the testimony presented by the appellee sufficient to justify the Chancellor in making an award of $100 per week as temporary alimony and support money and $1,000 for temporary attorneys' fees?
The Circuit Court had full jurisdiction to determine all questions presented. It had jurisdiction to determine whether or not the appellant was a bona fide resident of the State of Florida and to pass upon the question of divorce if he was such a resident. The Court had jurisdiction to grant the wife alimony unconnected with divorce. See Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870; Schwenk v. Schwenk, 159 Fla. 694, 32 So.2d 734; Fairlamb v. Fairlamb, 156 Fla. 104, 22 So.2d 580.
On the question of temporary alimony and attorneys' fees, the undisputed evidence shows that the appellee was a woman of advanced age who had been married to the appellant for over 30 years; she was in poor health and unable to earn her own livelihood. By reason of the appellant's divorce action she was required to come to Florida and rent a room in a hotel in order to protect her rights and consult with her attorneys in preparing her defense to his suit, and to prosecute her claim set forth in her answer. She only had $700 of her own in a New York bank and she and her husband owned certain real estate and personal property about which there was considerable dispute and disagreement. The undisputed testimony showed her weekly needs of at least $100 per week; there was sufficient testimony offered to show that the husband was worth at least $50,000 and that the last time appellee actually knew of his earnings, they amounted to $350 net per week; he had interests in an air-conditioning company and was treasurer of the company; he traveled around the country on business and pleasure trips in an airplane which he owned.
The appellant complains about the fact that the testimony concerning the $350 net income per week was not as of the time the testimony was given but was from one or two years previous to that time. All of this undisputed testimony on behalf of the appellee was sufficient to make a prima facie showing of the ability of the husband to pay the sums decreed by the Chancellor. He offered no testimony whatsoever. When a condition is shown to exist by uncontradicted testimony a reasonable time before the testimony was given such as the earning of $350 net per week, such condition and ability will be presumed to continue unless the contrary is shown. If the appellant was not then making that much money, or his financial condition had changed, or even his ability to earn that amount *168 of money had changed, in a suit of this kind, he was called upon to make an explanation or an answer. He failed to do so.
A petition for attorney's fees has been filed in this cause for services rendered for defending the appellee in this appeal. The Court finds that the sum of $350 for the services of the appellee's solicitors in preparing brief and appearing at the bar of this Court is a reasonable amount, and the appellant is ordered to pay such sum to the said solicitors for the appellee. See Monyak v. Monyak, Fla., 43 So.2d 903, and Kelley v. Kelley, Fla., 56 So.2d 439.
Affirmed.
SEBRING, C.J., CHAPMAN, J., and GILLIS, Associate Justice, concur.