## JONES v. JONES.

Circuit Court, Palm Beach County.

May 2, September 28 and November 1, 1955.

Caldwell, Pacetti, Robinson & Foster and Phillip D. Anderson, all of West Palm Beach, for plaintiff.

Farish & Farish, West Palm Beach, for defendant.

JOSEPH S. WHITE, Circuit Judge.

*May 2, 1955:* This cause was heard pursuant to the petition and rule to show cause why defendant should not be adjudged in contempt of court, the rule having been issued March 25, 1955, testimony of the parties and their witnesses, and argument of counsel.

This is a proceeding to enforce payment of temporary attorneys' fees and court costs allowed by the court to plaintiff's solicitors of record by orders dated February 25, 1955 and March 3, 1955. The

sole defense offered by defendant to the right of the court to adjudge defendant in contempt, is his contention that the court is without jurisdiction to enter such orders, because plaintiff is not now, was not then, and never has been a bona fide resident of the state of Florida.

The position thus taken by defendant is untenable. The bill of complaint which was filed March 24, 1954 duly alleges that "plaintiff is now, and has been for more than ninety days next previous to the filing of this bill of complaint, an actual bona fide resident of West Palm Beach, Palm Beach County, Florida." That allegation gave this court jurisdiction. Unquestionably this court has at all times had jurisdiction to try that issue. It is still pending before the court and must yet be determined on a proper hearing. The plaintiff is entitled to counsel to assist her in trying that issue. Until it is tried and determined, the court is vested with power to allow temporary attorney's fees and court costs. See Rollins v. Rollins, 155 Fla. 83, 19 So. 2d 562; Fairlamb v. Fairlamb, 156 Fla. 104, 22 So. 2d 580.

It is ordered and decreed that within 10 days from this date, defendant pay or cause to be paid to plaintiff's solicitors of record, the sum of $250 for initial court costs, and $500 temporary counsel fees, as directed by the orders herein dated February 25, 1955 and March 3, 1955, and in default of such payment, plaintiff shall be entitled to a writ of attachment directing the sheriff of Palm Beach County to forthwith arrest the defendant and bring him before this court so that punishment for contempt of court may then and there be imposed.

*September 28, 1955:* This cause came on for disposition after trial pursuant to the order dated August 1, 1955, testimony and argument of counsel.

At the time this suit was brought, and for the period of ninety days prior thereto, plaintiff was a citizen of the dominion of Canada, and sojourning in the state of Florida on a visitor's temporary visa. Under the law she was obligated to leave the United States not later than six months from the date of her entry. In such a status she could not become a permanent resident of the state of Florida as contemplated by the divorce statutes.

It is the view of the court that plaintiff has not established that she was a permanent resident of the state of Florida for a period of ninety days prior to the time of filing her bill of complaint herein, viz., March 24, 1954.

It is ordered and decreed that this cause is dismissed without prejudice, with costs taxed against the plaintiff.

*November 1, 1955:* This cause was heard after due notice on plaintiff's petition, filed October 11, 1955, for rehearing, and argument of counsel.

The question presented now is whether or not the court shall retain jurisdiction of plaintiff's bill of complaint to award alimony and child support, under the provisions of section 65.10, Florida Statutes 1953.

In Kiplinger v. Kiplinger, 147 Fla. 243, 2 So. 2d 870, the Supreme Court of Florida said that the provisions of section 65.10 "do not require nor is it essential for either party to be a resident of the state of Florida so as to confer jurisdiction of the parties and the subject matter." In quoting from Valverde v. Valverde, the court likewise said that if claim is made for divorce along with a prayer for maintenance "then the question of residence would have been a prerequisite for relief." It is apparent that plaintiff in the instant case has not brought her complaint under section 65.10, because there is no allegation that the husband has failed or refused to maintain or contribute to the maintenance of his wife or minor child. Accordingly, it is the view of the court that the bill of complaint was properly dismissed.

The petition for rehearing is denied.