Louis L. Friedman, J.
This is an action for annulment of marriage in which plaintiff husband has secured an interlocutory judgment. Defendant wife has appealed therefrom, and now moves for an order granting her a counsel fee to enable her to proceed with said appeal, directing plaintiff to pay the stenographer’s bill for the minutes of the trial and also to pay the costs of printing both the record on appeal and defendant’s brief.
The question which must now be passed upon by this court is whether the wife shows reasonable probability of success sufficient to entitle her to the relief now demanded.
The interlocutory judgment was granted under the provisions of subdivision 5 of section 7 of the Domestic Relations Law, to wit, the incurable insanity of the wife for a period of five years. The action itself was commenced in July of 1957 and the facts now presented indicate that thereafter, in June of 1958, 11 months after the institution of the action but before the trial *776 thereof, defendant wife had instituted a separate proceeding with respect to her mental status. At that time she was confined in the Central Islip State Hospital, and for the purpose of effecting her release and discharge therefrom upon the ground that she was not insane and that it was not necessary that she be deprived of her liberty, she petitioned for and was granted a writ of habeas corpus to bring her before the Supreme Court in Suffolk County. This was done and a hearing was held in that proceeding before another Justice of the Supreme Court sitting in that county. On the basis of the evidence submitted to him, Mr. Justice L. Barron Hill sustained the writ and discharged the wife from her confinement in the State Hospital.
It was not until four months later, to wit, in October of 1958, that the annulment action came on for trial in the Supreme Court of Kings County before Mr. Justice Beckinella and a jury. (Harris v. Harris, N. Y. L. J., Nov. 10,1958, p. 14, col. 8.) Two framed issues were presented for determination and they were (1) whether the defendant was incurably insane for a period of five years or more when the action was commenced; and (2) whether defendant was then still incurably insane. As evidence upon the trial, Mr. Justice Bbckinella permitted the introduction of the habeas corpus proceeding before Mr. Justice Hill, and the determination made by him therein. The verdict of the jury was in the affirmative, and the motion by the defendant wife thereafter that the jury’s verdict be set aside was denied by the Trial Justice. Following a disposition of the remaining issues as to support and maintenance, the interlocutory judgment entered herein granted the annulment sought by the plaintiff husband on the ground of the wife’s incurable insanity.
Defendant wife now urges as a ground for appeal the fact that the Justice presiding at the trial of the framed issues should have held as a matter of law that the determination made by Mr. Justice Hill in the habeas corpus proceeding was res judicata and finally disposed of the factual question of the wife’s supposed insanity at that time. Defendant urges that Mr. Justice Hill must have come to the conclusion that the wife was not insane, otherwise he could not have discharged her from the custody of the State Hospital.
With this contention the court cannot agree. It is only when a mentally ill person is deemed a danger to himself or to other persons or is in need of State Hospital treatment that the confinement of said person in a State Hospital is justified or authorized. As was testified to on this very trial by one of the physi *777 cians produced by defendant, there are periods of remission when a mentally ill person may not be in need of hospital treatment, and Mr. Justice Hill could have so found in this case. The testimony of defendant’s own physician produced upon this trial was to the effect that defendant was suffering from dementia praeeox, paranoid type, and that although defendant might have remissions there was no cure. It appears from the papers that at the time of the hearing before the Special Term in Suffolk County the uncle of defendant testified that he could provide her with all of her needs and was ready to assume her custody and charge, and it may very well have been that it was this fact which motivated the Special Term at Suffolk County in discharging and releasing the defendant from the State Hospital. This court is in accord with the conclusions reached by the Trial Justice at the time of the annulment action to the effect that the determination made in the habeas corpus proceeding is neither conclusive, determinative nor res judicata on the question of the wife’s mental condition at that time. In any event, plaintiff was not a party to the habeas corpus proceedings and is therefore not bound by the adjudication made therein (Fish v. Vanderlip, 218 N. Y. 29; Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480).
Neither does there appear to be sufficient ground for appeal in the claim that the statutory condition to the granting of an annulment under subdivision 5 of section 7 of the Domestic Relations Law was not complied with. It is defendant’s contention that there was a substitution of physicians as a member of the resident medical staff of the hospital for the purpose of examining this defendant and that such substitution took place following the appointment of the first physician by an order of this court. It is urged that the original physician had examined defendant, had refused to certify that she was incurably insane, and that by reason thereof a second amended order was signed appointing the substituted physician. The difficulty with defendant’s argument on this point, however, is that there is nothing in the papers before the court to support defendant’s present claim that the physician designated by the Superintendent of the hospital and in the first order appointing him ever examined the defendant pursuant to that order or ever refused to certify defendant’s incurable insanity. In the absence of such proof, other than the mere assertion thereof in the moving affidavit, the court may not assume that this actually took place.
The court is convinced that the defendant does not sñow reasonable probability of success upon the appeal, as is required *778 as a prerequisite to the granting of this motion (Greenberg v. Greenberg, 134 App. Div. 419; Gould v. Gould, 201 App. Div. 127).
The trial of the action took nine days and the cost of the minutes and the printing expenses will undoubtedly be high. Defendant may, if she be so advised, and upon a sufficient showing that she is without funds to prosecute this appeal, secure the minutes and present her bill to the appellate court as a poor person in accordance with the provisions of the Civil Practice Act.
Accordingly, the motion is denied, with leave, however, to the defendant to apply for a counsel fee and any expenses incurred by counsel in her behalf in the event that defendant is successful upon the said appeal.
Settle order on notice.