■ THERESE PEARSON, Respondent, v. HERBERT PEARSON, Appellant.— In an action for a separation, the appeal is (1) from an order entered May 12, 1959 granting respondent's motion to direct appellant to pay the expenses of the appeal and a counsel fee, and (2) from an order entered May 18, 1959 denying appellant's motion for reargument. Respondent was awarded a separation. Custody of two infant daughters of the parties was awarded to appellant, their father, with visitation rights to respondent limited to two visits a month at a social club in Brooklyn, of which appellant is a member. A counsel fee of $1,000 was awarded to respondent's trial counsel. Respondent filed a notice of appeal from so much of the judgment as related to the visitation rights and the counsel fee. Respondent then moved for an order directing appellant to pay the appeal expenses and for a counsel fee. The motion was granted and a counsel fee of $1,000 was allowed for the prosecution of the appeal. Order entered May 12, 1959 modified by striking from the second ordering paragraph the figure "$1,000" and by substituting therefor the figure "$500". As so modified, order affirmed, without costs. We are of the opinion that the moving affidavits show that there is reasonable ground to believe that respondent will be successful on her appeal from the judgment. (*Greenberg* v. *Greenberg,* 134 App. Div. 419; *Gould* v. *Gould,* 201 App. Div. 127; *Koff* v. *Koff,* 286 App. Div. 1110.) However, in our opinion, $500 is an adequate counsel fee for prosecuting the appeal. The parties should co-operate in confining the record on appeal to the essential testimony involved. Appeal from order entered May 18, 1959 dismissed, without costs. No appeal lies from an order denying a motion for reargument (*Cohen* v. *Kaskel* [Appeal No. 1], 280 App. Div. 992). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ANTHONY PELELLA, Appellant, v. ANTOINETTE PELELLA, Respondent. — In an action to recover damages for malicious prosecution, the appeal is from an order which granted a motion to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4), with leave to plead over. The complaint alleged that respondent procured an ex parte divorce in a foreign jurisdiction, based upon an instrument of waiver and consent on which appellant's signature was surreptitiously forged. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [13 Misc 2d 260.]