Benjamin Brenner, J.
Defendant wife moves for an order directing the plaintiff to pay counsel fees and costs relative to (1) a prior motion to punish for contempt; (2) a reference subsequent to the trial ordered thereat; and (3) the wife’s appeal from the judgment which dismissed her counterclaim for a separation.
As to discretionary costs in bringing on the motion to punish, allowable under section 1172-d of the Civil Practice Act, no reported case has been called to my attention which would allow the awarding of same in a matrimonial proceeding at a time other than when such proceeding is actually brought on. It would also seem to me that this section gives the discretionary power to impose costs only to the Judge who hears the motion. The application for such costs, though requested in the order to show cause, was evidently denied as it is not mentioned in the final order which punished the plaintiff. The general rule should be borne in mind that counsel fees in a matrimonial action may not be recovered for past services (Fisher v. Fisher, 223 App. Div. 19, affd. 250 N. Y. 313 ; Tranter v. Tranter, 189 App. Div. 714). This portion of the motion is consequently denied.
As to the branch of the motion which deals with past services for conducting hearings before the Official Referee to whom the question of support for the infant child of the parties was referred following dismissal of the complaint and counterclaim, it does not appear that a request for additional counsel- fees was made either at the time the reference was made or at the time the report of the Referee was confirmed. This, notwithstanding the fact that when temporary alimony and counsel fees were granted the defendant was given leave to request *964 further fees at the trial. Moreover, as already indicated, counsel fees for past services will generally be denied (Fisher v. Fisher, supra ; Tranter v. Tranter, supra). Accordingly, this branch of the motion is also denied without prejudice to any claim therefor as defendant may be advised to make in a plenary suit.
As to counsel fees and costs to a wife for an appeal from an adverse decision, it must, before they be granted, appear that she has reasonable probability of success (Greenberg v. Greenberg, 134 App. Div. 419 ; Gould v. Gould, 201 App. Div. 127 ; Smith v. Smith, 190 Misc. 298). Where the facts are conceded and the only question is a legal one, the court may conclude that there is a reasonable probability of success on affidavits (Boehm v. Boehm, 261 App. Div. 382 ; Smith v. Smith, supra). Where, as here, the facts are strenuously disputed it is necessary that a settled case be presented on such application (Greenberg v. Greenberg, supra ; Gansz v. Gansz, 59 N. Y. S. 955 ; Sefranka v. Sefranka, 85 N. Y. S. 2d 663). This branch of the motion is therefore denied with leave to renew upon proper papers.